HARDY PHILLIPS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where the only question on the trial of a plea in abatement is one of fact, and the evidence fully sustains the finding against the plea, the finding cannot be disturbed.

2. The prisoner was arraigned and pleaded not guilty, the jury was sworn and the witnesses in behalf of the State examined and the State Attorney addressed the jury. Upon the prisoner's counsel declining to argue the cause before the jury, it was discovered that the indictment had not been read to the jury, and the counsel stated that it was on this account that he had declined to cross-examine witnesses, or to introduce any testimony in behalf of the defendant, and he contended that it was necessary that the indictment should be read to the jury and the witnesses examined again, and moved that this should be done. The court granted the motion, and the indictment, which had been read to the prisoner on the arraignment, was read to the jury, and witnesses for the State and accused were examined, and prisoner made his statement, and the judge charged the jury, and there was a verdict of guilty of murder in the first degree : *Held*, That error cannot be assigned by the prisoner on these proceedings.

3. A charge by the judge to the jury upon the subject of their recommending the accused to mercy in case they found him guilty of murder in the first degree, cannot be reviewed on writ of error if not excepted to in the trial court.

4. Where there is sufficient evidence, if the jury believed it, to sustain verdict, and there are in the record no errors that can be reviewed on writ of error, the verdict must be sustained.

Writ of Error to the Circuit Court for Suwannee county.

The facts of the case are stated in the opinion.

No counsel appearing for Plaintiff in Error.

The *Attorney-General* for Defendant in Error.

RANEY, C. J.:

I. The first error assigned is the overruling the plea in abatement. It set up that one of the grand jurors who found the indictment was not a registered voter. There was issue joined on plea and a formal trial resulting adversely to the defendant. The evidence fully sustains the finding. It is unnecessary to recite it here.

II. It is also assigned that the court erred in permitting the jury after hearing all the evidence on the part of the State, and the argument of the State Attorney before the issues were submitted to the jury by reading the indictment to them, and without the jury being resworn upon their *voir dire* as to their qualifications as jurors, and in permitting the same jury to sit in the same cause, and in sustaining the defendant's motion to proceed with the trial after the State's evidence had been given to the jury, and the State's counsel had argued the same before the jury, and in permitting the defendant's attorney to waive the defendant's constitutional right to another and different jury to try his cause.

The record shows that the prisoner was arraigned, the inictment read to him, and that he pleaded not guilty, that the jury were sworn, and the witnesses in

behalf of the State examined, and that thereupon the State rested, and the counsel for the prisoner announced that he would not offer any evidence, and then the State Attorney addressed the jury, and then the prisoner's counsel said he did not desire to argue the case. At this point it seems to have come to the knowledge of the judge that the indictment had not been read to the jury. The State Attorney frankly admitted that through inadvertance he had not done so, and moved for permission to do so. Counsel for the prisoner took the position that it was necessary to read the indictment before any evidence was taken, in order that the jury might know what they were to try; that they did not know anything about the indictment. He further stated that he had no objection to going to trial, but that the indictment must first be read, and all testimony would have to be taken over again, and that he was willing that the indictment should be read, but that all the testimony must be taken over again. After further discussion by court and counsel, the court asked counsel for the prisoner if the court understood him to move that the State Attorney now proceed to read the indictment and then go on and take testimony in the cause. To this, counsel replied : "I do not make any motion at all. It is the duty of the State Attorney to present his case. But I now make the motion." The court ruled upon the motion, granting it, observing that the counsel for the prisoner had stated that he

had declined to cross-examine the State's witnesses and to introduce any testimony for the defence, on account of the omission. The indictment was then read, and the witnesses for the State examined and cross-examined and, witnesses for the prisoner examined, and the prisoner made his statement under oath, and the cause was argued and the judge charged the jury and the jury rendered a verdict of guilty of murder in the first degree. There was a motion for a new trial on the grounds that the evidence was not sufficient to warrant the verdict, and that the verdict was contrary to law and the evidence, and the the weight of the evidence.

Not only was the reading of the indictment and the re-examination of the witnesses done on the motion of the prisoner, but if an exception to it would be of any avail, there was none made in the lower court at the time. There is certainly nothing before us to review. Assuming, however, that an exception could have availed anything, and that one was made, it seems impossible that the defendant has suffered anything by the course pursued. Without saying that it would not have been sufficient if the indictment had been then read, we are entirely satisfied that it would have been entirely sufficient if the court had of its own motion, or on motion of the State Attorney, directed the same course to be pursued that was. Counsel for prisoner did his client no harm in making the motion. By his

silence on the first examination he got whatever advantage there was in learning the State's case. We do not perceive how it can be said that he had a constitutional right to another jury; certainly the legality of the jury was not, nor was their capacity, affected by hearing the testimony without having heard the indictment.

III. Each member of this court has carefully considered the entire record in this cause to see if the tesmony sustains the verdict, and also with an eye to the discovery of any error not covered by the assignment, that can be considered in the absence of an exception in the lower court.

It cannot be denied that the testimony is sufficient to sustain the verdict. Its credibility was a question for the jury.

There was no exception taken to the charge of the court to the jury, either in the motion for a new trial, or before, and for this reason we cannot consider the error assigned upon the court's charging the jury as to the recommendation to mercy, which is the only error assigned that has not been mentioned above. We have found no error that can be considered without an exception having been taken in the Circuit Court. We have considered all to which an exception was taken. We have exercised the fullest care, not only because of the gravity of the case, but we have felt a sense of very grave responsibility, as the unfortunate man has had no counsel in this court. The State sub-

mitted the cause and it became our duty to decide it, and this we have done with a careful regard to the prisoner's rights and his condition.

The judgment is affirmed.