GERMAN AMERICAN LUMBER CO., A CORPORATION, *Plaintiff in Error,* v. ARTHUR CLIFFORD BARRETT, BY HIS NEXT FRIEND, W. J. BARRETT, *Defendant in Error.*

Opinion Filed November 11, 1913.

1. Where an inexperienced youth of about fourteen years of

age is employed by a saw mill company in the operation of a stave-edger, the shield over the saws of which has been broken rendering it a dangerous machine, and the youth is cut and injured by the saws, the principles of law laid down in Brand v. Atlantic Coast Line R. Co., 64 Fla. 184, 59 South. Rep. 956, are applicable in determining the liability of his employer.

2. The refusal of instructions embodying general principles of law not applicable to the facts of the case, does not constitute error.

3 A plea setting up the fact that plaintiff was duly warned not to approach an uncovered saw in a machine he was operating, and of the danger of so doing, and notwithstanding he was sufficiently intelligent to understand and appreciate the danger of his disregarding the same, unnecessarily and negligently approaches so near the saw as to bring his clothes in contact therewith with the result he was injured, is a plea of contributory negligence, the burden of establishing which is on the defendant.

4. In an action for damages for personal injury, a charge to the jury to ascertain the amount and value of the damage to plaintiff based on the American Mortality Tables, is not harmful error, in the absence of any proof that the ordinary expectancy of life of plaintiff would be affected by the nature of his injuries, his habits, general health or other circumstances.

Writ of error to Circuit Court, Calhoun County; C. L. Wilson, Judge *Ad. Litem.*

Judgment affirmed.

*Avery & Price,* for Plaintiff in error;

*H. H. Wells* and *Smith & Davis,* for Defendant in error.

HOCKER, J.—This case was tried by C. L. Wilson as Judge *Ad Litem.*

The defendant in error filed an amended declaration against the plaintiff in error in Washington county, which, omitting the introductory part, is in the following words and figures:

"For that whereas prior to the institution of this suit the said defendant was the owner of and engaged in the operation of a certain steam saw mill at Millville, in Washington county, Florida, for the manufacture of lumber, and the said defendant employed the plaintiff, a minor of the age of 14 years, to work at said mill and placed him to work in said mill in feeding staves to a certain stave edger in said mill situate, which said stave edger was a machine constructed for the purpose of edging staves by placing said staves into said machine which would carry said staves between two sets of circular saws which revolved horizontally when the said machine was being operated by means of certain bands attached to the wheel in and about said mill and which were driven or operated by means of the force of steam; that after the said stave had passed between the said saw they were caried away by means of a certain trip chain which was part of said machine. That the place in which the plaintiff was set to work by the defendant was a place of great danger of being injured, in which to place to work an inexperienced boy, as was the plaintiff, and there was great danger to inexperienced and immature workmen in said place of being injured by reason of the fact that the casing or shield which covered one set of said saws was broken, thereby leaving one set of said saws partially unencased and uncovered. That at the time of injury hereinafter complained of the plaintiff was a mere child, being about fourteen years old, and had had no experience in feeding of said stave edger or in

doing the work at which he was placed, and had no knowledge of the danger in which he was placed or to which he was exposed, and had no knowledge of the broken and defective casing around said saws as aforesaid, and being of such tender age, and without experience as aforesaid, he was not capable of realizing without special instruction the danger to his person and the risk of injury he would incur in being set to work in said place where he was put to work by defendant. That at the time of placing said plaintiff to work feeding said edger, the defendant well knew that the plaintiff was a mere child and had no experience in feeding said edger or in doing the work required of him to be done, and that he was of such immature judgment as to be unable to comprehend the danger to his person and the risk of injury he would incur in working at said place, and yet so knowing the defendant negligently and carelessly omitted to instruct or cause the plaintiff to be instructed of the danger to his person and the risk of injury he would incur in working at said place at which the said defendant placed the plaintiff to work as aforesaid, the defendant well knowing that there was great danger to the plaintiff from exposure to said machine by reason of the fact the defendant had carelessly and negligently permitted said saws to remain partially uncovered as aforesaid and liable to injure the plaintiff in the performance of the work which was required of him by the defendant, it being the duty of said plaintiff to place said staves in said edger so that they would pass between the said saws and when necessary the plaintiff was required to walk by the said saws for the purpose of releasing said staves after they had passed between said saws, if said staves should become obstructed in their passage upon the said chain. That by reason of the negligence of the

defendant as aforesaid the plaintiff on the fourteenth day of February, A. D. 1911, while feeding said edger, and working in the place where he was placed by the defendant and in performing the work which he was instructed to do, not realizing the danger in which he was placed or the liability of being injured, and not having been warned or informed of the danger to which he was exposed from the operation of said edger, the plaintiff placed staves into said machine and after the said staves had passed between said saws, the said staves became obstructed in their passage over and upon said chain without the fault of the plaintiff and it being the duty of said plaintiff to release said staves so that they might pass out and other staves be fed to said machine, the plaintiff, in the performance of his duty aforesaid, was attempting to release said staves which were obstructed as aforesaid, and to do so caused plaintiff to come in close proximity to the said saws when, without fault of the plaintiff, the clothing of the said plaintiff was caught by the said saws which were partially uncovered as aforesaid, and the plaintiff was with great force and violence jerked upon said saws which were revolving with great force and rapidity so that said saws cut and lacerated the flesh of the plaintiff near the top of his hip bone, sawed into and shattered his hip bone, cut into the abdomen and penetrated the intestines of the plaintiff so that his physical health and strength are greatly impaired. That the plaintiff by reason of the injury aforesaid suffered therefrom and will continue to suffer great anguish and pain both of body and mind, his physical strength has been and will continue to be greatly reduced, his health impaired, and by reason of said injury his ability to do ordinary labor is diminished and will

be permanently diminished; that the plaintiff by reason of the injury aforesaid was compelled to expend large sums of money for medical attention and medicine and his bodily health has been and is permanently injured. And that said Arthur Clifford Barrett, prior to said injury, was strong, healthy and able-bodied, and able to earn and was earning one dollar per day by manual labor which he is now unable, by reason of such injury, to earn.

Wherefore plaintiff sues and alleges his damages by reason of the premises in the sum of Ten Thousand Dollars ($10,000.00)."

This declaration was demurred to on the grounds, in substance, first, it is not shown that plaintiff could not by looking have seen the revolving saw with which he brought his clothes in contact; second, that he was stupid, blind or otherwise infirm to know the danger of bringing his clothes in contact with the uncovered saw; third, it appears from the declaration plaintiff negligently contributed to the injury he received by not avoiding the danger which was obvious; fourth, the declaration is otherwise bad in substance. This demurrer was overruled, and this ruling is assigned as error.

It seems to us that the legal principles recognized by this court in Brand v. Atlantic Coast Line R. Co., 64 Fla. 184, 59 South. Rep. 956, are perfectly applicable to this case. It is there said on page 189. "As a matter of fact an employee who is an inexperienced youth may not be free from fault when he is injured, yet in law his youth and inexperience may excuse his fault, and when the employer has placed him at work the dangers and risks of which the youth does not appreciate, and the youth is injured because of the dangers of the work; the employer is liable. While a sufficient warning of an

employee as to the dangers of an employment is a duty imposed by law upon an employer, such warning does not relieve the employer of liability for an injury caused by the youth and inexperience of an employee put at a dangerous work by the employer. Whether a youth of about 14 years of age has capacity to appreciate the risks and dangers of the employment stated in the declaration so as to render him subject to the rule that contributory negligence bars a recovery, depends upon the age, the mental and physical attainments, the experience and other conditions affecting the conduct of the youth, as well as the character of the work and the circumstances of the injury. These matters when properly presented in the pleadings are for the determination of a jury under proper instructions from the court as to applicable provisions and principles of law, subject to such appellate review as is provided by law." Applying these principles to the demurrer to the declaration, we think it was properly overruled. The declaration shows that the plaintiff was a youth about 14 years old, inexperienced in the use of, and not properly warned of the dangers from the defective machine at which he was put to work.

The defendant corporation then filed four pleas, in substance, first, not guilty; second, that plaintiff was duly warned not to approach the uncovered saw, and informed of the danger of doing so, and notwithstanding he was sufficiently intelligent to understand and appreciate the danger of disregarding same, unnecessarily and negligently aproached so near the saw as to bring his clothes in contact therewith with the result he was injured; third, that he contributed directly to his own injury by his negligence with full knowledge that the saw was uncovered, and of the danger of approaching near thereto;

fourth, that under the circumstances above stated, the plaintiff assumed the risk incident to his employment in the position stated. Issue was joined on these pleas. On a trial by a jury there was a verdict for the plaintiff for $2,000.00, and judgment was entered thereon. From this judgment a writ of error was taken.

The evidence tended to show that the plaintiff at the time of the injury was about 14 years old; that he was put to work by the foreman of the mill of defendant, at a machine called a stave-edger, run by steam, belts, etc. The machine was on a table about eleven inches wide, upon which are two sets of saws, one each side, with a chain running between them. A part of the casing covering the saws was broken exposing a saw. The plaintiff had been working about this machine about two days when it became clogged with a stave, owing, as a witness said, to some defect in the machine. The plaintiff testified that he was inexperienced in the use of the machine, and that he was not warned of danger in using it. He also testified: "The chain would take one stave at a time. It held about ten; when I got hurt I was taking out a stave which got hung and I went around to unloose it. I was standing just to the left of the table when the stave got hung. Before I got hurt I did not know that the guard was broke. No one had ever cautioned me about it. No one in the employment of the German American Lumber Company warned me. I have never before worked for the defendant at a machine like that. At the time I got hurt I had been working there two or three days." In his efforts to extricate the stave, the exposed saw caught his overalls, and very severely cut and injured him, cutting off a part of the hip bone, and made a wound from which his intestines protruded.

A physician testified that he thought the injury the

boy received was permanent; that the tissues would be permanently weakened, though he would get better with time, so as to be able to do some work.

Mr. Brock testified for the defendant that he was foreman of the picket mill; that he put the plaintiff to work at the edging machine; that plaintiff observed the broken shield over the saw, and witness told him to be careful until he could get it fixed. Witness admitted that he told plaintiff's father the night after the accident if the machine had been fixed it would not have occurred. It does not appear how long the shield over the saw had been broken. This witness' testimony tends to show that if the boy had been careful he would not have been injured.

There is no testimony that the plaintiff was unusually intelligent, prudent and experienced for one of his age.

Two instructions were requested and refused, and the rulings on them are assigned as error. They seem to embody correct general propositions of law applicable to an experienced adult, but we do not think they were so applicable to the case of an inexperienced youth of fourteen as to make the ruling of the trial judge harmful error.

The trial judge charged the jury as follows: "The first plea is a plea simply of general issue. Under the plea I charge you that before you can find a verdict in favor of the plaintiff you must believe that the plaintiff has made a case by the preponderance of the evidence. Under the second, third and fourth pleas, which are pleas setting up contributory negligence on the part of the plaintiff and assumption of risk on the part of the plaintiff, the burden of proving those pleas is upon the defendant setting up the pleas, and in order to find a verdict in favor of the defendant under either the second, third or

fourth pleas, you must find that the defendant has proven these three pleas, or one of the three by a preponderance of the evidence before it can be entitled to a verdict if the plaintiff has made its case under the declaration and said first plea by a preponderance of the evidence."

It is contended here that the charge is erroneous because the second plea is not a plea of contributory negligence or assumed risk, but contains nothing more than could be shown under the plea of not guilty. It seems to us that the effect of this plea was to set up contributory negligence on the part of the plaintiff, for it is not a "denial only of the breach of duty or the wrongful act alleged to have been committed by the defendant." See Rule 71 of the Rules of Practice in Common Law Actions. We discover no reversible error under this assignment.

The next assignment which is presented questions the correctness of a portion of the Judge's charge which is in these words: "In other words, if you find that the plaintiff has been permanently injured, and from the evidence find that he is prevented from performing labor from injuries permanent, and you should find for the plaintiff, then it would be your duty to ascertain the amount and value of the damage to him based on The American Mortality Tables." In a previous portion of the charge the Judge had instructed the jury if they found for the plaintiff they must reduce the damages to their present value. There was no evidence tending to show that the ordinary expectancy of life of plaintiff, as shown by the mortality tables referred to would be affected by the nature of his injuries, by his habits, or by any other circumstance. If there had been any such evidence, doubtless the language of the charge which is objected to would have been erroneous as tending to

confine the jury to these tables in determining the probable longevity of the plaintiff. 20 Am. & Eng. Ency. Law (2nd ed.)- p. 887. Under the circumstances, it is not made to appear how the defendant was injured by the charge. It is not contended that the verdict was excessive, and we do not discover that it was contrary to law, or the evidence.

The judgment below is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.