ELIJAH DANIELS, *Alias* ELI DANIELS, *Plaintiff in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 23, 1921.

Where there is substantial competent evidence to support the verdict and there is nothing to indicate that the jury were influenced by considerations outside the evidence, the verdict will not be disturbed.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*Samuel T. Fletcher* and *W. S. McCoy,* for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant Attorney General, for the State.

BROWNE, C. J.—The plaintiff in error was convicted of murder in the first degree, with recommendation to mercy. The case is here for review on writ of error.

The only question involved is the sufficiency of the evidence to sustain the verdict. The defendant testified in his own behalf and produced no other witnesses. His testimony was plausible, rather straight-forward and seems to have the ear marks of truthfulness.

The State's witnesses contradict each other in several material matters. Some testified that the defendant fired two shots while standing, and as the deceased was advancing towards him, two other eye witnesses testified that the deceased and the defendant came together and the shots were fired while they were on the ground. All agree that the deceased was the larger man of the two, and that he was on top of the defendant, when they were struggling on the ground.

By denying the motion for a new trial, the Circuit Judge placed his stamp of approval on a verdict rendered upon this testimony. It is a well settled rule of this Court that "where there is substantial competent evidence to support the verdict and there is nothing to indicate that the jury were influenced by considerations outside the evidence, the verdict will not be disturbed." Wallace v. State, 76 Fla. 175, 79 South. Rep. 634; Drayton v. State, 78 Fla. 254, 82 South. Rep. 801; Habersham v. State, 80 Fla. 240, 85 South. Rep. 655; Hamlin v. State, 80 Fla. 217, 85 South. Rep. 685; Brooke v. State, 80 Fla. 81, 86 South. Rep. 333; Witt v. State, 80 Fla. 38, 85 South. Rep, 249.

In a criminal case the jury has the right to reject any testimony however reasonable, and to accept that which may seem unreasonable to others, and if the trial court

approves of such a verdict and refuses to set it aside, this Court is committed to the rule heretofore referred to, and will not interfere with it.

The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.