ANDREW L. WEIS, *Plaintiff in Error*, vs. CHARLES D. HAINES, *Defendant in Error*.

En Banc.

Opinion filed March 5, 1931.

*Edward F. P. Brigham,* for Plaintiff in Error;

*H. S. White* and *J. C. Bills, Jr.,* for Defendant in Error.

PER CURIAM.—This was a suit brought to recover $5,000.00 paid by the plaintiff in error to defendant in error on a contract of purchase of certain lands and saw mill machinery located and situated in the Province of Azua, Dominican Republic. The declaration is in three counts as follows:

"I. Andrew L. Weis by E. F. P. Brigham, his attorney, sues Charles D. Haines for $12,000.00 for money payable by the defendant to plaintiff for money had and received by the defendant for the use of the plaintiff.

II. And for $12,000.00 for money paid by plaintiff to the defendant at his request.

III. And for $12,000.00 for work done and materials furnished by the plaintiff for the defendant at his request.

And the plaintiff claims $12,000.00 damages."

There were six assignments of error. The plaintiff in error in his brief announces:

"The plaintiff in error then sued out his writ of error, and assigned several grounds of error, the following of which will be argued.

1. That the court erred in its order of January 17th, 1929, by denying Plaintiff's motion for a new trial.

2. That the court erred in sustaining the Defendant's objection to the offer of Plaintiff to place in evidence a pamphlet described as follows: 'Pamphlet marked "Identification #2" which contains endorsements and a descriptive write-up for the press of the life and activity of Charles D. Haines, containing eight pages purporting to be written or compiled by H. L. Williamson. Secretary of the International Press Foundation.' and in not permitting the same to be read to the jury."

The motion for new trial contained four grounds, as follows:

"First. The verdict rendered by the Jury in the above entitled cause in contrary to the evidence.

Second. The verdict rendered in the above entitled

cause is contrary to the law as defined by the charges of the Court.

Third. The verdict in the above entitled cause is contrary to the evidence and the law as defined by the charges of the Court.

Fourth. That there is no evidence upon which there could be based a verdict for defendant in the above entitled cause and that such verdict is contrary to the evidence and the law applicable thereto.''

The plaintiff contended for a verdict against the defendant for the return to the plaintiff of $5,000.00 paid to the defendant by the plaintiff on the execution of a certain contract. That contract, amongst other things, contained the following pertinent clauses:

''It is further mutually understood and agreed between respective parties to this contract, that all payments other than that of the Five Thousand ($5,000.-00) Dollars hereinabove mentioned and numbered herein One (1), shall be contingent and predicated upon the vendors having a valid good and sufficient marketable title, and absolute ownership of the above described land in Santo Domingo.

In the event the title conveying the acreage mentioned herein is not absolute in the vendors upon examination of the title to said above described land, the purchaser will not be obliged to carry out the balance of this contract or to make any other payments other than the cash payment of Five Thousand ($5,000.00) Dollars which has been above described and numbered One (1).''

There was conflict in the testimony.

Under the terms of the contract, coupled with the testimony of Charles D. Haines, the defendant in the court below, defendant in error here, the jury was warranted in returning a verdict in favor of the defendant.

The jury in this case resolved the conflicts in the testimony in favor of the defendant. The trial court refused to set aside the verdict of the jury and grant a new trial. There was substantial evidence to support the verdict and the judgment should, therefore, be affirmed, as no errors have been disclosed under the discussion of assignments of error presented and argued on brief in this Court. It is so ordered.

Affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.