HOLSTUN & SON v. JOHN D. EMBRY, an infant, suing by his next friend, Alonzo P. Meadows.

169 So. 400.
En Banc.
Opinion Filed March 25, 1936.
On Rehearing July 21, 1936.

*Stanton Walker, William K. Whitfield, H. H. Wills,* and
*E. B. Green,* for Plaintiffs in Error;

*Frank R. Greene* and *S. Whitehurst's Sons,* for Defendant in Error.

ELLIS, P. J.—This is an action brought by a minor child by his next friend for damages for the wrongful death of the child's father. See Section 7048, C. G. L., 1927.

The person killed was Walter C. Embry. His child, John D. Embry, was four years old. The accident occurred in January, 1933. The action was brought by the child by his next friend, Alonzo P. Meadows, in March of that year.

Walter Embry was employed by L. W. Holstun and Paul E. Holstun, co-partners as Holstun & Son, as an "extra driver" of a truck with trailer attached on the occasion when the accident occurred. The truck was to have been driven from Ocala to a certain packing house near Lake Wales in Polk County to get a load of citrus fruit for transportation. On the journey from Ocala to Lake Wales the "steering gear" of the truck broke, which deprived the driver, Embry, of control of the machine's forward movement, the front axle of the truck "bent or buckled," the

truck swerved sharply, turned over, came to rest upside down, pinning Embry beneath it, crushing him to death.

The declaration rests upon the breach of duty on defendant's part to have furnished Embry, the "extra driver," with a machine in reasonably good condition and state of repair so that it would have been reasonably safe for the purpose for which it was used. See 3 Huddy Ency. Auto Law, 132 Sec. 76; Ryan v. Fall River Iron Works Co., 200 Mass. 188, 86 N. E. Rep. 310; Lonergan v. Am. Ry. Express Co., 250 Mass. 30, 144 N. E. Rep. 756; Wilson & Toomer Fertilizer Co. v. Lee, 90 Fla. 632, 106 South. Rep. 462; Sears v. Interurban Transp. Co., Inc., 125 South. Rep. 748 (14 La. App. 343) ; 39 C. J. 341.

The doctrine obtains in this State, as elsewhere, that the master is required to provide for his employees reasonably safe instrumentalities and places to work. The character of the work to be done, the suitableness of the instrument to be used, or the place where the work is to be done, are elements to be considered in determining the degree of care required of the employer. German American Lumber Co. v. Brock, 55 Fla. 577, 46 South. Rep. 740; F. E. C. Ry. Co. v. Lassiter, 59 Fla. 246, 52 South. Rep. 975; Furkovich v. Bingham Coal & Lumber Co., 45 Utah 89, 143 Pac. Rep. 121, L. R. A. 1915B 426.

As to machinery supplied by a master for the employee to use, the rule, as stated in a number of cases in this State, is that a positive duty rests upon the master to exercise such reasonable care as prudence and the exigencies of the situation require in providing the employee with safe machinery and suitable instrumentalities. See South Florida R. Co. v. Weese, 32 Fla. 212, 13 South. Rep. 436; Camp & Bros., v. Hall, 39 Fla. 535, 22 South. Rep. 792; Green v. Sansom, 41 Fla. 94, 25 South. Rep. 332;

German Am. Lumber Co. v. Brock, *supra;* Sterns & Culver Lumber Co. v. Fowler, 58 Fla. 362, 50 South. Rep. 680; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 South. Rep. 557; Florala Saw Mill Co. v. Smith, 55 Fla. 447, 46 South. Rep. 332.

A motor vehicle operated on the public highways is a dangerous instrumentality. See Greene v. Miller, 102 Fla. 767, 136 South. Rep. 532; Wolfe v. City of Miami, 103 Fla. 774, 134 South. Rep. 539; Miami Transit Co. v. McLin, 101 Fla. 1233, 133 South. Rep. 99; Herr v. Butler, 101 Fla. 1125, 132 South. Rep. 815; So. Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629, 16 A. L. R., 255

When the owner of a motor vehicle intrusts it to another to operate upon the public highway the owner is liable for injury caused to others by the negligence of the person to whom it is intrusted. See So. Cotton Oil Co. v. Anderson, *supra;* Engleman v. Traeger, 102 Fla. 756, 136 South. Rep. 527.

The doctrine rests upon the rule of respondent superior. Herr v. Butler, *supra;* Warner v. Goding, 91 Fla. 250, 107 South. Rep. 406; Eppinger & Russell Co. v. Trembly, 90 Fla. 145, 106 South. Rep. 879; Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975, L. R. A. 1917E 715.

By parity of reasoning, therefore, an employer, who intrusts a dangerous instrumentality to another, his servant, to be used in the employer's business upon the public highway, is bound to exercise such reasonable care as prudence and the exigencies of the situation or employment require to provide the employee with a safe instrumentality or machine, to the end that the employee may suffer no injury from defective machinery, which in the case of a motor vehicle may, on account of a weak steering wheel, defec-

tive guiding and controlling apparatus or imperfect or weak axles, more or less concealed defects, cause accidents resulting in serious injury to the employee.

Seventeen pleas were interposed to the declaration. The substance of them were not guilty, assumption of risk, and contributory negligence, and that the plaintiff was not dependent upon his father for support and maintenance.

The verdict and judgment for the plaintiff, which were for the sum of Five Thousand Dollars, are both contained in the bill of exceptions.

It is the purpose of a bill of exceptions to preserve of record matters *in pais.* A verdict and a judgment are matters of record.

The preparation of the record in this case in the particular above noticed was made in violation of the rules prescribed by this Court. Counsel for plaintiff in error, however, seem to prefer their judgment in the interpretation of the Statute, Chapter 12019, Laws 1927 (Sec. 4612, C. G. L. 1927), in such matters to the plain, orderly, clear and efficient method prescribed by this Court.

The effect of counsel's judgment in the matter is to leave this Court without any properly certified copy of the verdict and judgment. The writ of error requires the Judge of the court to send the record and proceedings under his seal to this Court. The rule requires the Clerk in the preparation of the transcript of the record to certify that it contains a correct transcript of the record of the judgment and to affix to such transcript the seal of the Circuit Court. When he does that the mandate of the writ of error is obeyed. See Special Rule 3, Circuit Courts, Law Actions.

The responsibility for this kind of error on the part of counsel in supervising the preparation of a transcript of the record for consideration by this Court should be strictly

visited upon the plaintiff in error by a dismissal of the cause, as there is not now before this Court any proper certification to this Court of the judgment which was rendered in this case. The judge did not certify to the judgment under his seal, and the clerk merely certified in effect that the paper called a bill of exceptions was filed and that the copy of it appearing in the transcript is correct. Where then is the copy of the record of the judgment required by the rule?

This Court had occasion to discuss Chapter 12019, *supra,* in the cases of Branch v. State, 96 Fla. 307, 118 South. Rep. 13; Kidd v. City of Jacksonville, 99 Fla. 1023, 128 South. Rep. 31; St. Andrews Bay Lbr. Co. v. Bernard, 106 Fla. 232, 143 South. Rep. 159; Concurring opinion; Mungin v. State, 109 South. Rep. 577; Jarvis v. State, 115 Fla. 320, 156 South. Rep. 310.

An examination of the evidence and charges of the court reveal no error committed of substantial injury to the defendant in error.

In overruling the motion for a judgment *non obstante veredicto* motion in arrest of judgment and the motion for a new trial the court used the following language:

"In the case at bar, I am unable to discover where by a preponderance of the evidence the injury was caused by means of the defective steering gear and front axle, causing the car to turn over, and that such defect was of such nature that it was known, or by the exercise of reasonable diligence could have been discovered by the defendant before the accident, and that he was negligent in not repairing the same; but as this case must ultimately go to the Supreme Court, where it will pass on the sufficiency of the evidence, and in view of the two cases cited, I shall deny the motion."

That order appears in the bill of exceptions, not in the record proper.

The motion in arrest of judgment referred to in the order is not included in the record but exception was taken to the order overruling a motion for a new trial and to the order overruling the motion for judgment *non obstante veredicto*. Exception should be taken to the court's ruling upon the motions for a new trial and for judgment *non obstante veredicto* because the office of an exception is to challenge the rulings and decisions of the trial court promptly when made, that they may be corrected by the court itself if deemed erroneous. The exception points out wherein the excepting party claims to have been prejudiced by the ruling. See Brown v. State, 91 Fla. 682, 108 South. Rep. 842.

"A motion for new trial and a ruling thereon with exception duly taken are necessary to question the sufficiency of all the evidence to sustain the verdict." Osceola Fertilizer Co. v. Beville, 86 Fla. 479, text 483, 98 South. Rep. 354; Greenblatt v. Bissell Dry Goods Co., 85 Fla. 83, 95 South. Rep. 302; Thomas Bros. Co. v. Price & Watson, 56 Fla. 854, 48 South. Rep. 262.

When exceptions to rulings made by the court are duly taken when they occur, a motion for a new trial is not essential to review those rulings. Parrish v. Pensacola & Atl. Ry. Co., 28 Fla. 251, 9 South. Rep. 696.

A motion for a new trial is not a waiver of exceptions, and if for any reason such a motion cannot be considered by the Supreme Court and exceptions duly taken during the trial are properly embodied in the record this Court may review the rulings of the Circuit Court in this respect. Warner v. Goding, *supra*.

An exception to an order overruling a motion for a new

trial, however, is necessary to a review of the order by this Court. See Sec. 4609 C. G. L. 1927; St. Andrews Bay Lumber Co. v. Bernard, *supra;* Florida Power Co. v. Cason, 79 Fla. 619, 84 South. Rep. 921.

The motion in arrest of judgment is a matter of record. The motion for a new trial is a matter *in pais.* One should be evidenced by the record proper and the other by a bill of exceptions. Which one of the three motions was referred to by the Judge in connection with the language quoted, and when he stated that: "I shall deny the motion," it is impossible for us to determine, and counsel for plaintiff in error have not troubled to show us by the record. If the language was used in overruling either the motion in arrest of judgment or in denying the motion for judgment *non obstante veredicto* it was obviously perfectly proper as to the latter and although irrelevant and of no significance as to the motion in arrest of judgment.

There was no serious objection to the language as applied to the motion for a new trial. It was unnecessary, it is true, but it amounted merely to the statement that the jury and not the court should pass upon the sufficiency of the evidence and that the Supreme Court on the writ of error would eventually have to determine its sufficiency. That statement is not altogether correct, as the Supreme Court is not a trial court, and upon questions involving the sufficiency of the evidence to support the verdict merely inquires whether there appears to be substantial evidence to support it and nothing exists to indicate that the jury were influenced by considerations outside the evidence. Daniels v. State, 82 Fla. 387, 90 South. Rep. 159; Fla. East Coast Ry. Co. v. Thompson, 93 Fla. 30, 111 South. Rep. 525; Welles v. Bryant, 68 Fla. 113, 66 South. Rep. 562; Powell v. State, 93 Fla. 756, 112 South. Rep. 608;

McMurray v. Basnett, 18 Fla. 609; Alexander v. Rhine, 78 Fla. 313, 82 South. Rep. 831.

Trial courts have a liberal discretion in granting new trials. As said once, almost complete discretion. Those terms, however, are not very clear. If any action of a judge is reviewable and may be reversed on appeal, it may not be accurately said that the action was discretionary with him. The term simply means judgment, considerateness, caution and it must be exercised according to legal reasoning and not capriciously, waywardly, whimsically. Woods v. A. C. L. Ry. Co., 100 Fla. 909, 130 South. Rep. 601; Cheney v. Roberts, 77 Fla. 324, 81 South. Rep. 475; The Anthony Farms Co., v. S. A. L. Ry., 69 Fla. 188, 67 South. Rep. 913; Huston v. Green, 91 Fla. 434, 107 South. Rep. 368.

The party making a motion for a new trial is entitled to the benefit of the judicial opinion of the trial judge upon the evidence if he has difficulty in reconciling the justice of the case and the manifest weight of the evidence a new trial should be granted. Where in an order denying a motion for a new trial the judge states that " 'it seems to the court that it is most improbable, from the evidence, that the fire was caused by the defendant' " a new trial will be granted. See S. A. L. Ry. Co. v. Anderson, 73 Fla. 1, 73 South. Rep. 837.

In the case of Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943, in an order denying a motion for a new trial, the Judge said: " 'the court being of the opinion that the testimony preponderates in favor of the defendant but being of the further opinion that the questions of fact were within the province of the jury' " the motion is denied. In that case the court's words were interpreted to mean that the Judge was of the opinion that

the preponderance of the evidence was manifestly in favor of the defendant.

In the case of Florida Power Co. v. Cason, *supra,* the court interpreted the Judge's words to mean that he was of the opinion that the evidence did not show any cause of action and was insufficient to sustain the verdict. Honorable W. S. Bullock, the Judge who tried that case, as also the one at bar, seemed not to distinguish between the legal principles which guide the judicial discretion in directing a verdict and in granting a new trial on the evidence. There may be no inconsistency in granting a new trial in case in which a request for a directed verdict was denied. See Cravatte v. Turner, 77 Fla. 311, 81 South. Rep. 476; Schultz v. The Pacific Insurance Co., 14 Fla. 73.

It is unnecessary here to repeat at length that distinction. It is obvious enough. In directing a verdict the case is practically taken from the jury. The court is guided by the same rule that is applicable in a demurrer to the evidence. The evidence submitted should be insufficient to that degree that no view which the jury may lawfully take of it favorable to the other party can be sustained under law. The power, said the court, is a delicate one and should be cautiously exercised. Which means that when the constitutional privilege of a jury trial, that is to say, the right to have the jury's opinion upon the weight and probative force of the evidence, is taken from a party in the case the Judge must be certain as a matter of law that no recovery can be lawfully had upon any view taken of the facts that the evidence tends to establish. On the other hand, upon a motion for a new trial where the evidence is conflicting and the Judge thinks that the verdict reached is not of a substantially just character and gives "just grounds for the belief that the jury acted through prejudice, passion, mis-

take or any other cause which should not properly control them" the power exists in the judge to interfere and he should as a matter of judicial discretion grant the motion.

Now in the case at bar the Judge merely said that he was "unable to discover where by a preponderance of the evidence the injury was caused by means of the defective steering gear and front axle, causing the car to turn over, and that such defect was of such nature that it was known, or by the exercise of reasonable diligence could have been discovered by the defendant before the accident, and that he was negligent in not repairing the same."

That language indicates clearly not that the Judge thought that the verdict was not of a substantially just character and gave ground for the belief that the jury acted through passion, prejudice, mistake or other cause which should not have controlled them, but that he would have as a member of the jury perhaps been led to a different conclusion. His view evidently was that he could not discover by a preponderance of the evidence, first, that the steering gear and axle were defective and caused the car to turn over; second, that the defects were of such character that the defendant could have before the accident discovered them and, third, that he was negligent in not doing so. The language merely indicated that the Judge was in a state of mental uncertainty as to the probative force of the evidence which was submitted, and the defendant's liability in not repairing the defects in the motor truck, if they in fact existed. That was clearly indicated to be the judge's state of mind by the language immediately following, which was: that "this case must ultimately go to the Supreme Court, where it will pass on the sufficiency of the evidence." Now the Judge knew that this Court does not usurp the province of the jury, but only decides whether there was substantial evidence to

support the jury's verdict. Strobhar v. State, 55 Fla. 167, 47 South. Rep. 4; Phillips v. The State of Florida, 28 Fla. 77, 9 South. Rep. 826; Barklap Const. Co. v. Lind, 102 Fla. 101, 135 South. Rep. 784; Parsons v. Federal Realty Corp., 105 Fla. 105, 143 South. Rep. 912; Weis v. Haines, 101 Fla. 1069, 132 South. Rep. 823; Jennings v. Pope, 101 Fla. 1476, 136 South. Rep. 471.

The trial scene cannot be transferred to the appellate court. Broxson v. State, 99 Fla. 1187, 128 South. Rep. 528. Where there is nothing to show bias or abuse of discretion and there is evidence to sustain the verdict it will not be disturbed. Carlton v. King, 51 Fla. 158, 40 South. Rep. 191. It must be so plainly against the evidence as to lead to the conclusion that it was the result of prejudice. McSwain v. Howell, 29 Fla. 248, 10 South. Rep. 588. Or against the manifest justice of the case. Middleton v. State, 63 Fla. 24, 58 South. Rep. 225.

If the entire evidence is such that the verdict may have been fairly found on it, the court will not disturb the finding. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

The Supreme Court has no power to consider the weight of the evidence as if the justices were a jury, Pons v. Hart, 5 Fla. 457, nor if the verdict can be reconciled with the evidence. Fla. Trust & Banking Co. v. Consolidated Title Co., 86 Fla. 317, 98 South. Rep. 915.

The trial judge being familiar with that rule of appellate decisions, his words indicated that he thought there may be in the evidence sufficient facts to show that the finding of the jury was correct though he might have been unable to discover it. That state of mind in the trial judge falls far short of the conviction that the jury were influenced by unlawful considerations or passions which would require

his interference. A. C. L. Ry. v. Clemmons, 112 Fla. 35, 150 South. Rep. 789.

We find no error in the order overruling the motion for a new trial.

The declaration alleged that the defect in the motor truck consisted of two imperfect or unsuitable parts of the mechanism, a defective steering gear and defective axle. Proof of any one of such defects was sufficient to sustain the cause of action. 45 C. J. 1127; S. A. L. Ry. Co. v. Rentz, 60 Fla. 449, 54 South. Rep. 20; 20 R. C. L. 177, S. A. L. Ry. v. Good, 79 Fla. 589, 84 South. Rep. 733.

The brief of plaintiff in error states that eight controlling questions are involved, but none of them are so phrased that the points of law intended for solution plainly appear. Although the question stated may by a kind of lenience be considered as a compliance with the rule for the preparation of briefs, an inspection of the record reveals the question to be incorrectly stated.

Rule 20 was made for the convenience of the court, but when counsel will not conform to its requirements the work entailed upon the Court thereby is greatly increased and retards the speedy disposition of the cause.

The fourth question presented is whether "a previous accident unrelated in time or place (is,) admissible." The evidence was admitted for the purpose, as a trial Judge said, "of throwing light on the question of knowledge by the defendant" as to the condition of the truck. The point is made by defendant in error that no assignment of error was made upon the admission of the evidence. The question as stated must be answered in the affirmative, as such evidence may have clearly demonstrated the defendant's inattention to the duty imposed upon him to provide a reasonably safe machine for use by the employee.

The instructions given to the jury by the court at plaintiff's request relating to the defendant's duty as a "positive" one to furnish a reasonably safe machine with which to work was without error. Neither do requested instructions numbered 4 and 6 relating to the character of the mechanism used as a dangerous one appear to be obnoxious to any rule of law. The question, however, as stated in the brief does not show the connection in which the court used the phrase "dangerous instrumentality." By reference to the record it is shown that the court merely applied the principle that in the relation of master and servant the more dangerous an instrumentality is which is to be used in the master's business the greater care he should exercise as to the state of its repair or fitness for the work to be done with it.

An automobile is regarded as a dangerous instrumentality when in operation upon the public roads, not only from the viewpoint of other travelers upon the highway, the persons usually more directly concerned, but also from the viewpoint of the persons occupying the vehicle with whom it is intrusted to perform the owner's work. See Huddy Encyclopedia of Automobile Law, *supra*.

There was no error in the charge on the subject of damages. The court may take judicial notice of the mortality tables. See 19 R. C. L. 221; Ger.-Am. Lumber Co. v. Barrett, 66 Fla. 181, 63 South. Rep. 661. The amount allowed by the jury does not appear to be excessive.

The judgment is affirmed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.

ON PETITION FOR REHEARING.

PER CURIAM.—On Rehearing this cause has been re-argued and all questions raised reconsidered at length. It is unquestionably a border line case but on reconsideration we find no good reason to change or modify the judgment heretofore entered.

Stripped of all secondary questions and considerations, the case turns on the question of whether or not the allegations of negligence were proven. On some material points the evidence was in conflict but as to these the verdict could have been upheld either way. The evidence of the witnesses, Wetmore, Parker, Holstun, and Albertson, is sufficient to prove the accident, the death of Embry, and that his death was produced in the manner alleged in the declaration. The evidence of all these witnesses has to be read together to reach this conclusion. The evidence of no single witness is sufficient to prove the essential facts necessary to justify the verdict but when the testimony of the witnesses named is concerned as a whole the verdict reached was a reasonable deduction from it.

Our former judgment of affirmance is accordingly affirmed on rehearing.

Affirmed on rehearing.

WHITFIELD, C. J., and ELLIS, and DAVIS, J. J., concur.

BROWN, J., dissents.

BUFORD, J. (dissenting).—I think rehearing should be granted because there is, as I read the record, a failure of proof to support the verdict and judgment.