Proceeding under Workmen's Compensation Act by Esther Taylor on account of the death of her husband Andrew Taylor who was killed while allegedly working for Lloyd Williams. From a judgment reversing an award of $18 a week for 350 weeks with costs and attorneys' fees, which was affirmed by the Florida Industrial Commission, the claimant appeals.
Judgment reversed with directions to enter an order affirming an order of the Industrial Commission.
This is a Workmen's Compensation case. The pertinent facts are viz: Andrew Taylor, on February 21, 1948, was instantly killed in Jackson County, Florida, when two logs rolled from a truck and crushed him to death. Taylor was employed, with others, to cut saw logs in the woods and help load them on the truck, when the logs would be transported to Lloyd Williams' sawmill at Cottondale. Esther Taylor claims that her husband, Andrew Taylor, was an employee of Lloyd Williams at the time of his death, while Lloyd Williams contends that Andrew Taylor was not his employee but an employee of an independent contractor, to wit, Oscar Hendrix.
It appears that Taylor, with others, had been employed by Williams on a daily basis to cut logs and load them on trucks for a period of several months prior to Taylor's death. The logging crew requested more money for their work, when Williams contracted with Oscar Hendrix to furnish his own labor and log the mill on a basis of $15 per thousand. Taylor worked under Hendrix for $5 per ten-hour day, but Taylor quit in January, 1948, when Hendrix went to his home and raised his pay to $6 per day and induced him to return to the logging crew. Mrs. Esther Taylor testified that she heard the conversation at her home between Hendrix and her husband about the latter's return to his job. She testified Hendrix told her husband that Williams said pay Taylor more money. Mrs. Taylor's testimony on this point is contradicted by both Hendrix and Williams. Taylor returned to the job, was paid $6 per day and was killed shortly thereafter.
Testimony was offered to show an agreement reached between Mr. Williams and Mr. Hendrix about January 16, 1948, whereby Mr. Hendrix was to be paid $15 per thousand for logging Williams' mill and Hendrix was by the terms of the agreement to pay the daily wages of the logging crew and Williams was no longer their employer but the crew should look to Hendrix, their employer, for compensation. Several witnesses testified to the agreement and some to the effect that the deceased, Andrew Taylor, was present and knew all about it. (Death prevented Andrew Taylor from testifying about this agreement). This same agreement made Angus Hall, owner of the truck and employed by Lloyd Williams to haul his logs from the woods to the mill at Cottondale, an independent contractor. Time tables, book records and other documentary evidence were adduced to sustain the legal *Page 123 
theory that Andrew Taylor was not an employee of Lloyd Williams.
Mr. Williams hired Angus Hall's truck and driver to haul the logs which later fell from the truck and crushed Taylor. Williams directed the driver where to go for the logs. One witness testified that he saw Williams in the woods where his logs were being cut. Williams paid for the timber that the Hall truck was hauling. Williams owned the skidder and some of the tools used by Hendrix and his crew. Williams supplied Hendrix money to meet his weekly payroll. Williams paid Angus Hall $6 per thousand as stumpage and $10 per thousand to deliver the logs at his mill at Cottondale. Hendrix did not pay a social security tax on Taylor. Williams paid the logging crew prior to switching to the thousand foot rule of payment for the work.
The Deputy Commissioner hearing the evidence of the parties reached the conclusion that a reasonable and just construction of all the evidence relied upon to show Oscar Hendrix to be an independent contractor was nothing more nor less than a changed manner or method of payment for the work to the logging crew by Williams. Williams was their employer and paid them by the day and they requested more money. Williams satisfied them by continuing to pay them for their daily labor not on a daily basis but on a one thousand foot basis. Hendrix was the foreman and turned in their time to Williams. Williams paid the employees through the foreman, Hendrix. The Deputy Commissioner made an award of $18 per week for 350 weeks to the claimant, with all costs and attorney's fees. This award was affirmed on appeal to the Florida Industrial Commission. The award was reversed on review by the Circuit Court of Jackson County. The claimant appealed.
Counsel for appellant contend that the court below erroneously applied to the facts involved the principle of law enunciated by this Court in the case of Peterson v. Highland Crate Co-Operative, 156 Fla. 539, 23 So.2d 716. We hold there is merit in the contention. It is not necessary to distinguish the facts presented by this record from the facts involved in the Peterson case. The conclusion, from all the evidence, is inescapable that Andrew Taylor when killed was the employee of Lloyd Williams. The change by Williams of payment by the day to Andrew Taylor to payment by the thousand foot method did not make Oscar Hendrix an independent contractor, although he had the right to hire and fire all employees under him. See Sears, Roebuck Co. v. Pixler,140 Fla. 677, 192 So. 617.
The order appealed from is reversed with directions to enter an order affirming the order of the Florida Industrial Commission in the case at bar dated July 12, 1948.
ADAMS, C.J., SEBRING, J., and BROWN, Associate J., concur.