PER CURIAM.
This is an appeal by the plaintiffs from summary judgment for the defendant.
Appellants, husband and wife, sued for personal injuries -and damages received when a wooden cornice fell from a wall and struck the wife on the head. The premises in which the accident occurred were owned by appellee.
It was alleged in the complaint that ap-. pellants were employees of appellee, that appellee had three or more persons within his employment, and that he had failed to comply with the Workmen’s Compensation Law, F.S.A. § 460.01 et seq. These allegations were denied in the answer, but the court did not rule upon the questions thus raised pertaining to the employer-employee relationship.
In Hicks v. Kemp, Fla., 79 So.2d 696, we analyzed an almost identical situation and held that the issue of the employer-employee relationship must necessarily be resolved in such a case as this in order to determine whether or not the provisions of the Workmen’s Compensation Law are applicable. And in that case, as in this, the defendant-appellee contended that no negligence on his part had been shown.
The judgment now before us must be, and it is hereby, reversed on authority of Hicks v. Kemp, supra, and the cause remanded for further proceedings not inconsistent therewith. See also Jones v. Brink, Fla., 39 So.2d 791, and Drahota v. Taylor Construction Co., Fla., 89 So.2d 16.
It is so ordered
TERRELL, C. J., and HOBSON, ROBERTS, THORNAL and O’CONNELL, JJ., concur.