PER CURIAM.
The plaintiff, a dairy-counter employee of the Great Atlantic & Pacific Tea Company, Inc., was injured when she slipped while mopping the floor of the store.. The defendant, employer, had rejected the provisions of the Florida Workmen’s Compensation Law; therefore, contributory negligence, assumption of risk, and the fellow servant rule were not available to it as a defense. See Fla.Stat., §§ 440.06, 440.11, F.S.A.; Hicks v. Kemp, Fla.1955, 79 So.2d 696.
The appellee’s answer denied negligence. After discovery and the filing of affidavits by the plaintiff and the defendant, the trial judge entered a summary final judgment for the defendant. This appeal is from that judgment.
The complaint charged the appellee, defendant, with negligence in failing to provide appellant with a reasonably safe place in which to work and in failing to instruct her as to a safe method of performing the duty assigned. It was ap-pellee’s position in moving for the summary judgment that there is .nothing in the record to establish its negligence. In opposition to the motion and in addition to the discovery matter, the plaintiff interposed the affidavit of an engineer-builder. According to plaintiff’s expert, the area behind the counter was not constructed and maintained in accordance with reasonably safe construction and engineering standards prevailing in Florida.
A review of the record convinces us that the summary final judgment must be *459 reversed under the law as set forth in Holl v. Talcott, Fla.1960, 191 So.2d 40, and Visingardi v. Tirone, Fla.1966, 193 So.2d 601, opinion filed November 23, 1966.
The last cited opinions had not been published at the time of the entry of the judgment here appealed; therefore, the trial judge did not have the benefit of their guidance.
Reversed and remanded.