CROSS, Judge
(dissenting):
I respectfully dissent. We are concerned here not with whom legal title had passed, be it Mrs. Kinney or William Kinney; we are concerned with whether there is a material issue of fact as to beneficial ownership, i. e., was beneficial ownership in Orlando Motors at the time of the accident? That this is to be our determination is evidenced by the wording in Palmer v. R. S. Evans, Jacksonville, Inc., Fla. 1955, 81 So.2d 635 at 637:
“ * * * But the rationale of our cases which impose tort liability upon the owner of an automobile operated by another, e. g., Lynch v. Walker, 159 Fla. 188, 31 So.2d 268, Boggs v. Butler, 129 Fla. 324, 176 So. 174, Holstun v. Embry, 124 Fla. 554, 169 So. 400, and Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255, would not be served by extending the doctrine to one who holds mere naked legal title as security for payment of the purchase price. In such a titleholder, the authority over the use of the vehicle which reposes in the beneficial owner is absent. Probably because of this fact, the term ‘owner’ is defined in F.S. § 317.74(20), F.S.A., to mean only the conditional vendee, in the case of a vehicle which is the subject *413 of an ordinary agreement for conditional sale. Moreover, in jurisdictions having statutes making the owner liable for the negligence of another driving his car with his consent, the term ‘owner’ has been universally construed to eliminate those who hold nothing more than naked legal title. See Craddock v. Bickelhaupt, 227 Iowa 202, 288 N.W. 109, 135 A.L.R.. 474, and the cases cited in annotation, 135 A.L.R. 481, 485-486. It is therefore apparent that it was necessary for ap-pellee in the case before us to prove only that the beneficial ownership had passed to Hughes before the accident occurred and, as we have indicated above, the proof was adequate upon this point.” (Emphasis added.)
The summary final judgment in the case before us was entered for Orlando Motors on the ground that the beneficial ownership of the vehicle had been transferred from the dealer to the purchaser prior to the accident. The facts substantiate the entry of a summary judgment for Orlando Motors and reveal no genuine issue of material fact as to beneficial ownership since the car was delivered to the Kinney boy who paid a down payment of $30.00. Subsequently he took the car out, he used it, he enjoyed it and finally lent it to a friend who was involved in an accident. All during this period of time, beneficial ownership certainly was not in Orlando Motors since they did not have the use, the possession or enjoyment of the vehicle.
In Holl v. Talcott, Fla. 1966, 191 So.2d 40, the court held that the burden of proving the absence of a genuine issue of material fact is upon the moving party. The movant must successfully meet his burden of proving a negative, i. e., the non-existence of an issue of material fact. I find that Orlando Motors has proved the nonexistence of a genuine issue of material fact as to whether it had beneficial ownership of the vehicle when the accident occurred.
Cases are legion in this state that adhere to the principle that naked legal title does not determine ownership in considering tort liability, but such ownership is determined by the party having the beneficial interest with control and authority of the use thereof. Wilson v. Burke, Fla.1951, 53 So.2d 319; Palmer v. R. S. Evans, Jacksonville, Inc., supra.
I would affirm the final summary judgment.