Carr, J.
The exceptions taken to the opinions of the court given at the trial, present the only points for the consideration of this court. The ingenuity of counsel, indeed, suggested several others; but we are compelled by the settled law of the court to say, that they do not arise upon this record. The distinction between a bill of exceptions and a demurrer to evidence, has been so often taken by this court, that it would be a waste of time to repeat it, and most mischievous to depart from it. This distinction clearly excludes from our view, the question made upon the act of limitations, Whether the five years of possession ought to run from the sale of the slave by Mrs. Keeling, or from her death ? It is not upon the record, and non constat what was the evidence. Neither can we, sitting in a court of law, take cognizance of the equitable rights of the children of Mrs. Keeling: that consideration is for another forum. Nor, as it seems to me, does it come fairly before ns, on this record, to decide, whether a trustee can bring trover for a slave ? Or, whether his damages should be for the full value, or nominal merely ? The plaintiff sues, not as trustee, but as owner of the slave; the jury has found a general verdict; and the evidence is not before us. True, in a bill of exceptions, taken by the defendant, to a refusal of the court to instruct the jury (not that a trustee could not maintain trover for a slave, but “ that unless a demand, and refusal *92 was proved, the verdict must be for the defendant,”) there is a statement of some evidence, and among other things, a deed of trust, which, it is said, conveyed the slave to the plaintiff; but what other evidence might have been before the jury, it is impossible to say.
If, however, these questions were properly raised, I should feel no hesitation in saying, that a court of law looks only to the legal title, and that being in the trustee, he may assert it, by' any action which is given to the legal owner of property : nor can a court of law limit his recovery to nominal damages.
As to the instructions of the court, they seem to me intirely correct. Demand and refusal, is only evidence of conversion, and therefore not necessary under the facts of this case, where a conversion is proved by other evidence. In like manner, the defendant was liable to the action, though he received the slave as administrator, sold him as administrator, and disbursed the money as administrator, without the least notice of the defect of his intestate’s tide. The right of the owner to sue for his slave, can never depend on such circumstances as these. The administrator, when he sells property as belonging to his intestate, acts at his peril. If he sells my property, he must answer to me for it, however he may have thought himself bound by law to sell, and however fairly he may have applied the proceeds to the debts of his intestate.
The court was also right in rejecting the evidence offered by the defendant. What had the inventory, appraisement and settlement of his administration account, to do with the claim of the plaintiff? They were wholly irrelevant to the question, whether the'slave-was the property of the plaintiff or not.
I think the judgment must be affirmed.