Green, J.
delivered the opinion of the court.
This is an action of trover, brought by Dyche against Houston for a horse.
The facts of the case are as follows: — Dyche agreed with one Henderson, that if Henderson would clear for him eighteen acres of land, within a time limited, he should have the horse in controversy, — but the horse was to remain the absolute property of Dyche until the work should he completed. The horse was put into the possession of Henderson, who abandoned the work without completing it, and sold the horse to one Kent, who sold him to the defendant Houston. Houston claimed and used the horse as his < own, and declared that Dyche must look to Henderson for his pay.
The court charged the jury, among other things — “That, if the horse was to be Dyche’s property until the clearing was finished, and that was not done, his right was not divested by the delivery of the horse to Henderson, to be used by him, *77 and that a demand was only evidence of a conversion, and not necessary to be proved where there was an actual conversion.” This charge of the court, we think, was strictly correct.
Note. See post. Gambling vs. Reed.
It is insisted by the counsel for the plaintiff in error, that where goods come to the hands of a party by delivery, finding or bailment, an actual demand and refusal must be proved. This position is certainly correct where there is no evidence of an actual conversion. In such case, a refusal to deliver the goods, when demanded, would be the only evidence of a conversion; and, as the plaintiff must prove a conversion of the property by the defendant, in the absence of other evidence of that fact, a demand and refusal to deliver it must be proved. But there is certainly no necessity for other proof, the only effect of which, is, to establish the fact of a conversion, when that fact is sufficiently established by other evidence, 2 Selw. N. P. 543; 1 Leigh, 86. So also, in Chitty’s Bl. 179, it is laid down, that “proof of the wrongful act of the defendant is sufficient to establish a conversion without evidence of a demand of the goods, and a refusal to restore them.” In the case of Carraway vs. Burbank, 1 Devereaux, 305, 2 Sel. N. P. 543, note Y, it is decided, that every act of ownership inconsistent with the rights of others, is a conversion.
The application of these principles to the case under consideration, will clearly sustain the judgment of the court below. Houston purchased the horse from Kent, used him as his own, and said that Dyche must look to Henderson for his pay. There could not be more decisive evidence of a conversion, and there was, therefore, no necessity for proof of a demand of, and refusal to deliver the horse to establish that fact.
Let the judgment be affirmed.