JOHN M. PONS, PLAINTIFF IN ERROR, VS. ISAIAH D. HART, DEFENDANT IN ERROR.

1. Where a party has substantially the benefit of a paper as evidence before the jury, the case will not be reversed because it was not formally read, or because the Court had rejected it as evidence in the previous progress of the trial.

2. If a particular defence be relied upon as conclusive, it should be presented in the Court below, by pleading, instructions to the jury, or motion for a new trial, and not originally in this Court, as a ground of reversal.

3. The Supreme Court have no power to consider the weight of evidence as if they were a jury, and can only do so when the question is presented to them on motion for a new trial, or other appropriate manner.

4. The facts of the case are brought before this Court by the Bill of Exceptions, and the Court is confined to the questions presented by it.

This was a writ of error to a judgment of the Circuit Court of Duval County, rendered Fall Term, 1853.

Hart instituted in the Court below an action of replevin against Pons for the recovery of three negro slaves. The transcript of the record does not embrace a copy of the writ, but it appears that a declaration was duly filed, and that Pons, the defendant, appeared and pleaded "*not*

*guilty.*"   A trial was had and judgment rendered in favor of Hart. · The following bill of exceptions was signed by the Court and made a part of the record:

Upon the trial of said cause, the defendant, to maintain the issue on his part, offered to give in evidence the writ of replevin in the case of William Proctor vs. Isaiah D. Hart, and the return of the Sheriff thereon, and to prove by the evidence of George H. Smith that the slaves in controversy in this case, are the identical slaves taken out of the possession of the said Isaiah D. Hart, by the said writ of replevin; that they were delivered to the said William Proctor by virtue of said writ and in obedience thereto; to which evidence and every part thereof, the counsel for the plaintiff objected. · The Court sustained the objection and ruled out the evidence, and the counsel for the defendant excepted.

And hereupon an agreement was entered into and signed by the counsel of both plaintiff and defendant in the cases of I. D. Hart vs. Pons and William Proctor vs. I. D. Hart, as follows, viz:

William Proctor,  }
       vs.          }  Replevin for Slaves.
Isaiah D. Hart.   }

It is agreed between the counsel in this cause that the jury now empanneled in the case of Isaiah D. Hart vs. John M. Pons, be also sworn in this cause, and that the same be submitted to them, and that the Court render such judgment in both causes as may seem right and proper from the finding of the jury.

SANDERSON & CALL,
*For Isaiah D. Hart.*
PHILIP FRASER,
*For Proctor & Pons.* ·

Under which said agreement both the said cases were

submitted to the same jury which had been sworn in the case of I. D. Hart vs. Pons, and in the progress of the trial George H. Smith was introduced and sworn as a witness, and upon the writ of replevin in the case of William Proctor vs. I. D. Hart being placed in his hands, he testified that he executed the same, as sheriff of Duval County, by taking the said negroes mentioned therein and delivering them to said Proctor, and that they were the same negroes mentioned in the writ of replevin in the case of Hart vs. Pons, and thereupon, after hearing the other evidence in this cause, the jury having found a verdict for the plaintiff, the counsel for the defendant prayed the Court to sign and seal this bill of exceptions, which is done accordingly.

The following assignment of errors was filed by the plaintiff in error:

The Court erred in entering judgment on the verdict of the jury in the Court below, because it does not appear by the record that any writ of replevin was issued in this case, or that the negro slaves in controversy were taken by the Sheriff in the execution and service of such writ.

The Court below erred in ruling out the evidence offered by the defendant, to-wit: The writ of replevin in the case of William Proctor vs. Isaiah D. Hart and the return of the Sheriff thereon, and the evidence of George H. Smith, showing that the slaves in controversy in this case were the identical slaves taken out of the possession of the said Isaiah D. Hart by the said writ of replevin; that they were delivered to the said William Proctor by virtue of said writ and in obedience thereto.

*Philip Fraser* for Plaintiff in Error.

*G. W. Call* for Defendant in Error.

10

BALTZELL, C. J., delivered the opinion of the Court.

This was an action of replevin, instituted by Isaiah D. Hart, to recover from John M. Pons three negro slaves, which he alleges he took from him and unjustly detains. On the trial defendant, " to maintain the issue on his part, offered to give in evidence the writ of replevin in the case of William Proctor vs. Isaiah D. Hart, and the return of the Sheriff thereon, and to prove by the evidence of George H. Smith that the slaves in controversy are the identical slaves taken out of the possession of Hart by the said writ of replevin, which were delivered to Proctor by virtue of the writ; but the counsel of plaintiff objected, and the Court sustained the objection."

This is assigned for error in this Court by Pons, and has been pressed with some zeal on the part of counsel. It is insisted on the part of Hart that if there was error in this ruling, it was cured by the action of the Court in the further progress of the trial, " as Smith was introduced as a witness, and upon the writ of replevin in the case of Hart and Proctor being placed in his hands, he testified that he executed the same, as Sheriff of Duval County, by taking the negroes mentioned therein and delivering them to Proctor, and that they were the same negroes mentioned in the writ of replevin in the case of Hart and Pons."

There is no complaint as to the non-admission of Smith's testimony; the objection is that the writ of replevin was not read in evidence.

It is true, this does not appear in express terms to have been read, yet defendant seems to have had the benefit of it before the jury. It was " placed in the hands of the witness, the Sheriff, and he testified that he executed it," &c. Now it is scarcely credible that in this state of the case defendant was prevented from availing himself of the fact that

there was such a writ. Moreover, the admission of Smith's evidence, with the use of the writ, was such an indication of the disposition of the Court to admit the writ also, that if there was a failure to get it before the jury more fully, it can scarcely be regarded as the fault of the Court, or an error for which the judgment should be reversed. In the case of Morrison vs. Call, recently tried at Tallahassee, the Court decided that the admission of testimony rejected at a former stage of the trial, cured the error, and we see no reason to doubt the correctness of the ruling. We are of opinion, then, that there is no error in this assignment. It is proper to remark that appellant's counsel contend that Smith's evidence was not introduced at their instance, but in this we suppose they are mistaken. It is certainly not in favor of Hart. It forms the ground of defence of Pons; indeed, the only position assumed in his behalf.

It is also said that this evidence was applicable to the case of Hart and Proctor, and not designed for that of Pons vs. Hart.

If so, the bill does not present that aspect, and the question naturally arises why evidence used in the one case is incorporated into and made part of the other? Whether the writ and evidence of Smith should have the effect contended for, of concluding the case, is not for our consideration. We are confined to the questions made by the bill of exceptions. See Gray vs. Belden, 3 Florida Reports, 114; Exparte Crane, 5 Peters, 199; 4 How., 298, 401, 292, 418, 541; 1 Leigh, 86; 1 Wend., 418; 14 John., 304; 1 Cowen, 622, and the opinion pronounced in the case of Proctor vs. Hart at the present term.

A party having a defence has the right, through his pleadings, and through instructions proposed during the trial, to obtain a decision as to its effect. If conclusive, (as alleged in the present instance,) he may insist on the

Court's so declaring, and if they refuse, or make an erroneous decision, he may appeal to the Supreme Court to correct the error.

He may, however, if he prefers, submit the matter to the arbitrament of the jury, taking the chances of their deciding in his favor. Nor is he confined even to this ; for if the jury find against him, he may apply for a new trial, and present the decision on this also to the appellate Court for review. Such is the mode and process by which the rights of the citizen are asserted and maintained in the Courts. If none of them are adopted, he may be regarded as waiving his objections, or as being content with the decision. In the present case we perceive no plea, no instruction proposed, nor any motion made for a new trial. In the absence of all these, we are asked to regard a piece of testimony introduced by one of the parties as conclusive, without any knowledge or information as to that produced by the other, and to reverse the case on that account. If the whole testimony were before us in the bill of exceptions, we have no such power. To an application of like kind, the Supreme Court of the United States, in the case of Hapburn vs. Dubois, made this response: " In urging upon this Court a review of the parol evidence in the record, we think the counsel of the plaintiff in error have asked us to transcend the limits prescribed to our action on questions of fact, by an uniform course of decision from the first organization of this Court, which has been repeatedly defined in our opinions during this term, unanimous on the law, though sometimes differing in its application to particular cases.

" If our past course of adjudication has not sufficed to satisfy the bar as to what we have considered our most solemn duty, and if it is yet an open question as to what is the line which the law has drawn between those questions of fact

cognizable only by the jury below, and questions arising on the joint action of the Court and jury in that Court, whose record we judicially inspect, on error, it will be useless to close it by any opinion to be delivered in this case."

They then assert that they are expressly prohibited by the provision of the Constitution of the United States securing the right of trial by jury, from considering the subject in the manner proposed. 12 Peters, 375-'6.

This Court has also declared its deliberate purpose to maintain the like provision in our State Constitution. Flint River Steam Boat Co. vs. Roberts & Co., 2 Fla., 102.

In addition to this, it is very clear that such a review by an appellate Court invokes the exercise of *original jurisdiction*, whilst that of this Court is carefully declared by the Constitution of the State to be "*appellate only*," original jurisdiction being conferred upon the Circuit Courts. See Constitution of the State.

We have not thought proper to decide the point, argued with great force and ability on the part of defendant in error, that under no circumstances was this writ of replevin admissible in evidence, being satisfied with the conclusive view already taken of the subject.

This case has been argued as if a cross replevin had been issued, and complaint is made of the hardship and irregularity of the proceeding, but the record does not present it in that light. The appellant shows no connection with Proctor, nor interest, nor right in him, nor any body else. If in fact a cross replevin had been issued, the remedy and power of the Court might have been complete to prevent injury. The Supreme Court of New York superseded a writ of replevin issued by defendant to obtain a re-deliverance of the property taken from him by writ of replevin. Morris vs. DeWitt, 5 Wend., 70.

It is not necessary to decide that a like course would be

appropriate under our statute    We may be permitted to say, however, that the statute in our opinion is very imperfect, and to express the fear that it may be made the instrument of great injury and injustice. To allow the possession of personal property to be taken from a defendant under a mere affidavit, and to remain with plaintiff until after trial, under our tardy system, is to give a decided advantage to one party. The New York statute provides for an immediate trial when a claim of right is put in by the defendant, and prevents also the change of possession until after the decision.

The writ of replevin is not copied into the record, and counsel for appellant taking it for granted that none ever existed, now insists that the judgment, on this account, is invalid. In this we think he is mistaken. That there was a writ, is very manifest, from the whole record. The affidavit and bond on which it was issued are before us, and it is very clear if there was no writ plaintiff effected no object of his suit, and there was actually no contest between the parties. But the Sheriff, Smith, whose testimony we have already given, speaks of the writ and of the negroes mentioned in it, as being the same as in the case of Proctor and Hart. If there was no writ, and it was important, defendant should have filed his plea to that effect, or moved to set aside the proceeding. Instead of this, he has plead in chief, thus avoiding all objection to the preliminary proceeding. Nor do we see how the writ is material to the questions presented in this Court, no motion having been made connected with or dependent upon it. But supposing it to be material to some question to be decided in this Court, and it was apparent that it had been lost from the files, would the Court on this account reverse the judgment? Obviously not. It would be opposed to every sense of propriety to make the rights of parties dependent upon mere acci-

dent or chance. Papers when filed with the Clerk are in the custody of the law, and if lost or mislaid, the Court will exert itself to have them replaced, or to have a substitute for them, so as to prevent injury. If this paper were at all material to any question before us, we should not hesitate to continue the case, to enable the parties to supply the deficiency.

We are therefore of opinion that there is no error in the judgment of the Court below, and that the same be affirmed, with costs.