ABE MIDDLETON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. An appellate court should not grant a new trial upon the insufficiency of the evidence to sustain the verdict of guilty affirmed by the trial court if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it.

2. On a consideration of the evidence, it is held that the jury was warranted in finding the defendant guilty of murder in the first degree. Taylor and Hocker, J. J. dissenting.

Writ of error to the Circuit Court for Clay County.

The facts in the case are stated in the opinion of the court.

*Jno. E.* & *Julian Hartridge*, for Plaintiff in Error;

*Park Trammell*, Attorney General, and *C. O. Andrews*, for the State.

WHITFIELD, C. J.—On writ of error to a judgment of conviction of murder in the first degree it is contended only that the evidence does not show the homicide to have been perpetrated from a premeditated design to effect the death of the deceased as charged in the indictment.

Where a homicide is charged to have been perpetrated from a premeditated design to effect death, and there are no facts or circumstances in evidence from which the formation of such a premeditated design may be fairly found by the jury, a verdict of murder in the first degree should be set aside. Baker v. State, 54 Fla. 12, 44 South. Rep. 719. But an appellate court should not grant a new trial upon the insufficiency of the evidence to sustain a verdict of guilty affirmed by the trial court if there is some evidence of all the facts legally essential to support the verdict, and the whole evidence is such that the verdict may have fairly been found on it. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

The homicide was committed in the early part of the night at a store in Clay County. It appears that the defendant was at the store in the afternoon when several persons, among them the deceased, were there, one of whom, not the deceased, spoke harshly to him, and when the defendant returned to the store at night he had his gun. While the defendant was at the store several men, including the deceased, went in the store together, and as they started out the defendant had a difficulty with one of them, not the deceased, at the store door. All went out the door in the dark. Upon separating from the man with whom he had an encounter, the defendant fired his gun fatally wounding the deceased, who was one of the party, but who had had no difficulty with

defendant. From these and other circumstances dis-closed by the transcript of the record, the jury were warranted in finding that the defendant shot the deceased from a premeditated design to effect his death. No shots were fired except by the defendant. This being so, the judgment is affirmed.

SHACKLEFORD AND COCKRELL, J. J., concur;

TAYLOR AND HOCKER, J. J., dissent.