G. M. HEITMAN v. MARY DAVIS, a minor, by J. D. DAVIS, as her next friend.

172 So. 705.
Division A.
Opinion Filed January 20, 1937.
As Corrected on Denial of Rehearing February 23, 1937.

*Swearingen, Wilson & Allen* and *Johnson & Bosarge,* for Plaintiff in Error;

*Carver & Langston* and *Evan T. Evans,* for Defendant in Error.

Buford, J.—The writ of error is to a judgment in favor of defendant in error in the sum of $3,000.00 as compensation for injuries received in an automobile collision which occurred at the intersection of Bartow Avenue and State Road No. 17 in Auburndale, Florida.

The plaintiff in error submits that there are five (5) questions to be determined by us in this case. The first question is:

"Was the verdict of the jury against the law as enunciated in the following charge to the jury:

" 'Now, the first plea of the defendant is that of not guilty. That places the burden of proof upon the plaintiff in this case to prove the material allegations of her declaration by a fair preponderance of the evidence and that is the first duty that you gentlemen have under your oaths as jurors. To determine whether or not from a fair pre-

ponderance of the evidence the plaintiff has proven her declaration. If you find that she has not, then your verdict would be for the defendant without considering the case any further.' "

This question was answered in the negative by the court below when defendant's motion for new trial was denied. The plaintiff in error contends that the plaintiff in the court below did not prove by a preponderance of the evidence that defendant carelessly and negligently propelled an automobile against and upon the automobile in which plaintiff was riding and that plaintiff did not prove by a preponderance of the evidence that the injuries complained of were received as results of the said collision or that said injuries were permanent in nature as alleged in her declaration.

A jury trying a case does not measure evidence by the quart or by the yard, but evidence should be measured by its probative force and effect and the jury should be governed in applying this measure by the manner and demeanor of the witness on the stand, by his interest, if any, in the result of the suit and by the reasonableness or unreasonableness of his statements and by his opportunity to know the facts about which he is testifying as well as by the reasonable probability of the witness having so observed at the time what transpired as to be able to tell truly and correctly what happened when he is called as a witness on the trial. When evidence is measured by this standard that which comes from one witness may preponderate over contradictory evidence given by half a dozen witnesses. There was substantial evidence in the record, if believed by the jury, to establish the fact that defendant was grossly careless and negligent in the manner in which he was driving his automobile at the time the accident occurred in this, that there is abundant evidence to show that he was driving his car

through a populous part of the residential district of the Town of Auburndale at a speed of 75 or 80 miles per hour. If this were true, he was giving nobody a chance to get out of his way who happened to enter the intersection or attempt anywhere to cross the street. The jury evidently believed this was true. The defendant testified that he was driving at a moderate rate of speed, but he did not testify as to what he considered a moderate rate. The evidence shows that immediately after the accident he said he supposed he was speeding, or words to that effect, and his wife, who was in the car with him, is also purported to have said that he was driving at a high rate of speed. This was a question for the jury to determine. They resolved it adversely to the defendant and the Circuit Judge who heard the testimony agreed with the jury by denying motion for new trial.

Question No. 2 challenges the verdict because plaintiff in error thinks it is excessive. While the question is stated, there is no argument in the brief upon this point and an inspection of the record convinces us that if the plaintiff was entitled to recover the verdict was not excessive.

Question No. 3 is as follows:

"Did the Court err in giving of its own motion the following instruction to the jury:

" 'If, after consideration of the evidence, you find that the plaintiff has, by a fair preponderance of the evidence, proven the allegations of her declaration, then you may consider whether or not the defendant has proven, by a fair preponderance of the evidence, any one of the other pleas in the case, which are known as affirmative pleas, and the burden of proof shifts to the defendant after the plaintiff has proven her declaration by a fair preponderance of the evidence, then the burden of proof shifts to the defendant

to prove any one or more of the affirmative pleas in the case, and if you find he has proven, by a fair preponderance of the evidence, any one of the affirmative pleas in the case, then your verdict would be for the defendant.' "

We find no error that the defendant can complain of in this charge. We see nothing in the charge which could have misled or confused the jury. The plaintiff in error contends that because its 4th and 5th pleas pleaded certain ordinances of the Town of Auburndale and alleged that the plaintiff had violated those ordinances and was, therefore, guilty of contributory negligence that by the statement in the charge, "which are known as affirmative pleas and the burden of proof shifts to the defendant after the plaintiff has proven her declaration by a fair preponderance of the evidence, then the burden of proof shifts to the defendant to prove any one or more of the pleas in the case." The court imposed a greater burden upon the defendant than the law requires. We do not think the contention is tenable because the charge correctly states the law and while the ordinance might have been proved under the plea of not guilty, the manner in which it was pleaded constituted that plea one of contributory negligence which is an affirmative plea and the burden is on the defendant to prove affirmative pleas.

The 4th question is:

"Did the Court err in charging the jury of its own motion in regard to the fourth plea of the defendant as follows:

" 'In other words, gentlemen, in that plea, the defendant says that the only negligence in that case was that of J. D. Davis, the driver of the car in which the plaintiff was riding; therefore, the defendant is not liable. That plea, if proven by a fair preponderance of the evidence, is a complete defense and your verdict should be for the defendant.' "

What has been said as to the third question applies like-wise to this question. The charge was entirely favorable to the defendant.

"Did the lower court err in giving to the jury the follow-ing instruction for the plaintiff:

" 'The Court charges you that a motorist first entering an intersection, provided he has obeyed the rules of the road and any applicable laws or ordinance in so doing, has the right of way over other vehicles approaching said inter-section at right angles thereto, and such other vehicles are required to yield the right of way to any such vehicle first entering the intersection.' "

The plaintiff in error contends that this charge constituted reversible error because it ignored the doctrine of last clear chance. We do not think that the doctrine of last clear chance is involved in this suit. If it is involved this appli-cation would be unfavorable to the defendant because the preponderance of the evidence shows that the defendant's car was at least more than 200 feet from the street inter-section when the plaintiff's car entered the intersection. The principle enunciated in the charge is supported by Blashfield's Encyclopedia of Automobile Law, Vol. 1, Sec. 5, page 464, and authorities there cited. It will be observed that the right accorded under this charge is conditioned upon the prerequisite that the motorist first entering the intersection has obeyed the rules of the road and any appli-cable laws or ordinances in so doing.

There is ample evidence in the record to support a finding by the jury that the driver of the car in which plaintiff was riding had met this prerequisite. Under this charge one of the questions submitted for the jury's determination was whether or not the driver of the automobile in which plain-tiff was riding had obeyed the rules of the road and the

applicable laws or ordinances defining what he should do at the intersection.

Much of the brief of plaintiff in error is devoted to discussion of the evidence. In Holstun & Son v. Embry, 124 Fla. 554, 169 Sou. 400, Mr. Presiding Justice ELLIS commenting on the province of the appellate court in reviewing the evidence said:

"The trial scene cannot be transferred to the appellate court. Broxon v. State, 99 Fla. 1187, 128 South. Rep. 528. Where there is nothing to show bias or abuse of discretion and there is evidence to sustain the verdict it will not be disturbed. Carlton v. King, 51 Fla. 158, 40 South. Rep. 191. It must be so plainly against the evidence as to lead to the conclusion that it was the result of prejudice. McSwain v. Howell, 29 Fla. 248, 10 South. Rep. 588. Or against the manifest justice of the case. Middleton v. State, 63 Fla. 24, 58 South. 225.

"If the entire evidence is such that the verdict may have been fairly found on it, the court will not disturb the finding. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485.

"The Supreme Court has no power to consider the weight of the evidence as if the Justices were a jury. Pons v. Hart, 5 Fla. 457, nor if the verdict can be reconciled with the evidence. Fla. Trust & Banking Co. v. Consolidated Title Co., 86 Fla. 317, 98 South. Rep. 915."

No reversible error being made to appear, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

DAVIS, J. (concurring).—The plaintiff below, Mary Davis, a young lady at the time about 20 years old, was seated in

the front seat of her father's car between her father (the driver) and a Miss Calloway, who was on the side nearest the right hand side of the car, when she was injured. Assuming that there was contributory negligence on the part of the plaintiff's father in driving his car into the intersection where it was struck by the LaSalle car of the defendant below, it certainly cannot be said as a matter of law that the father's contributory negligence is imputable to his minor child merely because she did not undertake to control her father's operation of the car in which she was simply a passenger at the time. S. A. L. versus Watson, 94 Fla. 571, 113 Sou. Rep. 716. Therefore plaintiff was entitled to recover unless her father's alleged negligence was the *sole* cause of the collision, the latter being a question of fact for the jury.

### REHEARING DENIED

PER CURIAM.—On Petition for Rehearing our attention is called to an error appearing in the wording of the opinion filed herein on January 20th, 1937, as follows:

"Question No. 2 challenges the verdict because the plaintiff in error thinks it is excessive. While the question is stated, there is no argument in the brief upon this point and an inspection of the record convinces us that if the plaintiff was entitled to recover the verdict was not excessive."

This paragraph should have read:

"Question No. 2 challenges the verdict and judgment because the plaintiff in error thinks it is excessive. The question is clearly presented and there is able argument in the brief upon this point. Inspection and consideration of the record, however, convinces us that if the plaintiff was entitled to recover at all the amount awarded is not excessive."

The opinion has been accordingly corrected and motion for rehearing is denied.

Ellis, C. J., and Whitfield, Terrell, Brown, Buford and Davis, J. J., concur.