**ALACHUA LAKE CORPORATION, a corporation, organized and existing under the laws of the State of Florida, and W. A. ALLEN, v. N. W. JACOBS.**

9 So. (2nd) 631 En Banc
August 4, 1942 Rehearing Denied October 5, 1942

Adkins & Arnow, C. Harold Hippler and W. H. Poe, for plaintiffs in error.

Baxter & Clayton, for defendant in error.

ADAMS, J.:

Final judgment for plaintiff based on a jury verdict is before us for review. The action was in tort, involving a collision between plaintiff and defendant's motor vehicles. The case went to trial on declaration, pleas of not guilty, contributory negligence and other special pleas.

The only question submitted to us by appellants which contains merit relates to the following charge given to the jury:

"The measure, or rule, of evidence, in cases of this kind, is a preponderance of the evidence. In the first place, the plaintiff must show by a preponderance of the evidence that the injury occurred as alleged in the declaration. If the plaintiff fails to sustain this burden, then, Gentlemen, you should find the defendants not guilty. If the plaintiff sustains the burden thus cast upon him by law, then it becomes the duty of the defendants to show by a preponderance of the evidence that they used all ordinary and reasonable care and diligence to prevent the happening of the injury; or to show by a preponderance of the evidence the facts as alleged in their pleas to said declaration in bar of this action as alleged in said declaration. And, if you find that all ordinary and reasonable care and diligence was used, or that the defendants have sustained the burden cast upon them by law as to their pleas to said declaration, then you should find the defendants not guilty.

If you find from a preponderance of the evidence that the plaintiff was injured as alleged in his declaration, and the defendants do not show by a preponderance of the evidence that they used all ordinary and reasonable care and diligence to avoid the injury, or the facts as alleged in the said pleas to said declaration in bar of said actions as alleged in the declaration, you should find for the plaintiff and assess damages in accordance with the instructions hereinafter given you."

In actions of this character the burden of proving actionable negligence is on the plaintiff. Jones on Evidence, 4th Ed., 1938, Vol. 1, page 315. Florida Motor Transportation Co. v. Hillman, 87 Fla. 512, 101 So. 31. It is quite true that defendant must bear the burden of proving his plea of contributory negligence or any other pleas in the nature of an affirmative defense. See Hainlin v. Budge, 56 Fla. 342, 47 So. 825. The defendant's plea of not guilty burdens the plaintiff with proving his case by a preponderance of the evidence and this burden remains with plaintiff throughout the entire trial. To prevail on this issue alone, his proof must be sufficient to prove his declaration and to overcome all proof offered by defendant to the contrary. In other words, the plaintiff's burden under the general issue, does not shift at any stage of the case. An instruction which in effect tells the jury that defendant is required to rebut plaintiff's case by a preponderance of the evidence is a greater burden than the law requires. If the proof is equally balanced the defendant prevails.

We pass now to the pleas other than the general issue. On such pleas the defendant has the burden of proving them by a preponderance of the evidence

and this burden remains with him throughout the entire trial. Before the jury can find for the defendant on such pleas the proof must be sufficient to overcome all proof offered by plaintiff to the contrary. In the trial of the case the question of defendant's alleged negligence and plaintiff's alleged contributory negligence should not be confused and intermingled. See Heitman v. Davis, 127 Fla. 1, 172 So. 705.

We conclude that the charge was erroneous, misleading and harmful. We find no other error.

The judgment is reversed for a new trial.

BROWN, C. J., and BUFORD, J., concur.

THOMAS, J., concurs specially.

WHITFIELD, TERRELL and CHAPMAN, JJ., dissent.

THOMAS, J., concurring specially:

I agree to what is written in the above opinion with reference to the error of the court in its charge that when the plaintiff proved its case by a preponderance of the evidence it then became the duty of the defendants to establish their reasonable care also by a preponderance of the evidence. That this instruction may well have been harmful to the defendants is evidenced by the action of the jury in returning to the courtroom before their ultimate verdict and requesting further charges and announcing to the court that "We, the Jury, find that both plaintiff and defendant are at fault and that either could have avoided the accident."

This indicated that the question whether the plaintiff should recover was a very close one.

BROWN, C. J., BUFORD and ADAMS, JJ., concur.