MINNIE M. SCHWARTZ, Joined by her husband, DAVID J. SCHWARTZ and DAVID J. SCHWARTZ, individually, v. JOSEPH L. PRIEST.

14 So. (2nd) 845            June Term, 1943
July 30, 1943            En Banc
Rehearing Denied September 17, 1943

*Miller & Fitzsimmons, W. Gerry Miller* and *J. A. Fitzsimmons,* for appellants.

*Morehead & Pallot* and *McCune, Hiassen & Fleming,* for appellee.

ADAMS, J.:

This is an ordinary automobile collision case. The issue was made by pleas of not guilty and contributory negligence filed to plaintiff's declaration. The judgment must be reversed for a new trial hence we limit our consideration to the only errors shown in the record. The court charged the jury at defendant's request as follows:

"In determining whether Mrs. Schwartz contributed to the cause of the collision by her own negligence you may consider whether or not she suddenly turned left in front of the Priest truck.

"Before the injured party is entitled to recover damages she must prove not only that the other driver was guilty of negligence, but she must also prove that she, the injured party, was not guilty of any negligence whatsoever which contributed to the proximate cause of the collision; provided the Defendant was not grossly negligent."

The latter charge quoted was an erroneous statement of law. The plaintiff is not required to disprove contributory negligence. Alachua Lake Corporation v. Jacobs, 151 Fla. 309, 9 So. (2nd) 631.

The first quoted charge is contrary to Section 54.17, Fla. Stat. 1941, which prohibits a charge on the facts. The charge must be confined to the law of the case insofar as the proof may tend to support the pleadings and no comment may be made by the trial judge on the facts which may or may not be proved.

The judgment is reversed for a new trial.

Reversed.

TERRELL, BROWN and CHAPMAN, JJ., concur.

BUFORD, C. J., THOMAS and SEBRING, JJ., dissent.

THOMAS, J., dissenting:

I disagree because in my opinion the first charge quoted is not prejudicial and there is no argument in the brief with reference to the second quoted charge, hence any objection to it may be considered to have been abandoned.

BUFORD, and SEBRING, JJ., concur.