BARKDULL, Judge.
The appellants seek review of a final judgment, rendered subsequent to a non-jury trial, adjudicating that the appellants were liable on a certain promissory note •given to the appellee.
The defense urged by the appellants was payment of the note. This was in the nature of an affirmative defense and required them to sustain the burden of proof. Bacon v. Green, 36 Fla. 325, 18 So. 870; Heitman v. Davis, 127 Fla. 1, 172 So. 705; Hough v. Menses, Fla.1957, 95 So.2d 410; 25 Fla.Jur., Pleadings, § 77 The evidence adduced by the parties was conflicting on the question of payment; the appellee asserting that the obligation had not been paid; the appellants asserting that it had. The trier of the facts resolved these conflicts in the evidence in favor of the appellee, and the judgment arriving in this court with a presumption of correctness [Dade Engineering & Construction Co. v. D’Amato, Fla.App.1959, 108 So.2d 627; Bardee Corporation v. Arnold Altex Aluminum Co., Fla.App.1961, 134 So.2d 268], this court is not authorized to interfere with the judgment of the trial court unless there is no substantial evidence to support the judgment. Krohne v. Orlando Farming Corporation, Fla.App. 1958, 102 So.2d 399; Ross v. Florida Sun Life Insurance Company, Fla.App. 1960, 124 So.2d 892. There being evidence sufficient to sustain the judgment, it is the duty of this court to affirm the actions of the trial court. Chakford v. Strum, Fla.1956, 87 So.2d 419; First State Mortgage Company v. Steele Construction Company, Fla.App.1959, 111 So.2d 682. Therefore, the final judgment is hereby affirmed.
Affirmed.