SWANN, Judge.
This case, which stems from the observance of the Jewish Passover festival, can perhaps best be summarized in terms of the famous question found in the Passover Haggadah itself — “Wherein is this night different from all other nights?”[1] For purposes of our legal analysis, this may be paraphrased to be: Wherein is a contract for the performance of a Passover Seder different from all other contracts?
Richard Tucker, internationally renowned opera singer and equally renowned cantor, was engaged by the defendant, ap-pellee, to conduct the 1964 Passover Seder [2] at the Eden Roc Hotel in Miami Beach, Florida. A standard printed A.G.V.A. form contract was executed by the parties for the first Seder service, with the following typewritten provision:
“If second Seder service to be held, same price as first night.”
The parties entered into no other written contracts. Cantor Tucker performed the Seder Service on the first night of the holiday, and at its conclusion, was informed by a waiter that there would be no second Seder, even though the Eden Roc had advertised nationally that Tucker would conduct two Sedarim. No further explanation was offered.
Tucker brought suit alleging breach of contract and tortious damage to his professional reputation. He alleged an oral contract subsequent to the written one and introduced evidence that he had hired and paid a choir for the two nights. He also introduced evidence that he had turned down other engagements even beyond the normal call of good faith so that there would be no conflict with this engagement.
*524 Count II of the complaint, seeking recovery in tort, was dismissed with prejudice. The trial judge, after a non-jury trial, made the following finding:
‡ ‡ sji ‡ #
“ * * * [A] contract between the parties hereto was entered into on or about November 14, 1963, which contract provided that the plaintiff would perform at the defendant hotel for one night for an agreed upon compensation * * *. This contract was not subsequently modified nor amended in any respect. * * *”

Final judgment was then entered for Tucker for his services for one night only, from which he has taken this appeal.
We first consider whether a different result might have been reached had the controversy been resolved by construing the agreement in light of prevailing religious custom. Although Tucker testified that in the Orthodox Jewish religion two Sedarim are always held, the period of observance is, for us at least, a problematical one. Owing to the unsettled state of the Jewish calendar in olden times, Passover was celebrated for seven days in Palestine and eight days elsewhere. This meant that those outside of Palestine (now Israel) conducted two Sedarim, while those in Palestine conducted only one.[3] The Reform Jews in America today have adopted the latter procedure and observe but one Seder.[4] It appears that while Tucker may have been Orthodox in his observance, the Eden Rock had traditionally followed the Reform view and had only one Seder in each year prior to 1964. We cannot therefore treat the instant agreement as different from any other agreement, and must look to the common, every day principles of law to resolve the dispute.
Reduced to common legal parlance, Tucker’s points on appeal are:
“1. Did the contract between the parties interpreted in light of their actions subsequent to the date thereof constitute an employment of Tucker to-conduct two Seder services, rendering the Hotel liable for cancellation of the second Seder service ?
“2. Did Count Two, which charged the Hotel with gross negligence in the manner in which it cancelled the second night Seder service, state a sufficient cause of action to withstand a motion to dismiss?
“3. Should the Court have allowed Tucker to introduce evidence of damages sustained to his reputation and prestige flowing out of the breach of the contract by the Hotel, which damages would have been in excess of the specified contract price?”
Although a different conclusion might have been reached were the issues herein decided on religious or moral grounds, it is well established that the findings made by a judge in a non-jury trial are entitled to the weight of a jury verdict and will not be disturbed upon appeal, so long as there is substantial competent evidence to support them, Schanker v. Wollowick, Fla.App.1962, 143 So.2d 509, as there was herein.
No reversible error having been found in the' determination that there was no legally binding contract for the performance of a second Seder, it follows that the defendant breached no legal duty to Tucker in its actions in cancelling the services allegedly contracted for on the second night. Since the trial court held that the parties *525 never contracted or agreed to a second Seder, the appellant’s Point Two on appeal is moot. Since there was no breach of contract for the performance of any Seder service by the defendant, the trial court correctly excluded evidence of alleged damage to Tucker’s reputation and prestige.
As previously observed, trial and appellate courts are bound in their determinations by legal principles and not by religious, moral or ethical considerations alone.
The final judgment is therefore
Affirmed.[5]
BARKDULL, J., concurs in opinion but did not participate in argument.

. The Haggadah, Trans. Cecil Roth, p. 10.

. The traditional Passover meal and services. See Exodus Chap. XH. “The whole service is based upon, one single Biblical injunction in connection with the observance of the Passover: ‘And thou shalt tell thy son in that day, saying, It is because of that which the Lord did for me when I came forth out of Egypt’ (Ex. XIII. 8). ‘Tell’, in Hebrew, is Hagged: and Haggadah means ‘telling.’ This ancient ritual is therefore simply the statutory recounting of the story of the Exodus to the assembled household at the time of the Passover celebration, in literal obedience to the Biblical precept. * * * ” Roth, supra, n. 1, p. in.-

. See 9 Jewish Encyclopedia (1916), Passover, at p. 550; 3 Jewish Encyclopedia (1916), Calendar, at p. 499 ; 6 Jewish Encyclopedia (1916), Holy Days, at p. 445; H. Schauss, Guide to Jewish Holy Days, Pesach, at p. 38.

. See Schauss, Guide, supra, n. 3. Philip Goodman, The Passover Anthology, at p. 70 n. 1.

. This appeal was heard by the distinguished, retired Chief Judge of the Second District Court of Appeal, A. O. Kan-ner who concurred in this ruling prior to his decease.