PER CURIAM.
This case has been before us once previously. At that time defendant-appellant was appealing a summary judgment in favor of plaintiff-appellee finding defendant in breach of a contract between the parties. See Reserve Insurance Company v. Earle W. Day & Company, Fla.App. 1966, 190 So.2d 803. In that opinion we said at page 80S: “We agree with defendant that the record reflects a dispute as to the fact question of what the parties intended with reference to the termination of the agreement.” As a result of finding this dispute we reversed and remanded the cause.
On remand the trial court took testimony and made findings of fact. The defendant, on remand, argued that the parties intended to, and did, enter into an accord and satisfaction. However, the trial court found that the parties had entered into no such agreement and held for the plaintiff.
 On appeal the findings of the trial court, sitting without jury, come before us clothed with a presumption of correctness. Babe’s Plumbing, Inc. v. Maier, Fla.App.1966, 194 So.2d 666. So long as there exists substantial competent evidence in the record to support him, the trial court’s findings must not be disturbed on appeal. Tucker v. Forty-Five Twenty-Five, Inc., Fla.App.1967, 199 So.2d 522. The appellant in the instant case has failed to show that the trial court’s findings suffer from a lack of substantial competent evidence to support them.
The appellant’s contention concerning the amount of damages has been considered and found to be without merit.
The judgment is affirmed.
Affirmed.
LILES, C. J., and ALLEN and HOB-SON, JJ., concur.