PEARSON, Judge
(dissenting).
It seems to me that the question involved on this appeal is whether there is competent substantial evidence to support the finding of the trial judge. In re Thompson’s Estate, Fla.1955, 84 So.2d 911; Reserve Insurance Co. v. Earle W. Day & Co., Fla.App.1968, 209 So.2d 709. An *431 appellate court does not ordinarily weigh the evidence and determine its creditability. Citizens Ins. Co. of New Jersey v. Harris, Fla.1949, 40 So.2d 775. Therefore the majority must have proceeded upon a conclusion that the evidence before the trial judge was so speculative as not to afford a basis for his finding. I think that conclusion is mistaken for the following reasons.
First, a member of the board of governors of the club testified that a number of offers had been made to purchase part of the land owned by the club for “approximately a million or a million and a half * * One particular offeror with knowledge of the zoning restriction on the property made a bona fide proposal to purchase 300 of the 400 waterfront feet of tract A for $1,500,000, or 250 feet for $1,-250.000.
Second, as the last part of footnote three in the majority opinion indicates, two other private clubs pay the same tax rate as their immediate neighbors. Yet the majority opinion would permit the club to pay approximately one-third the tax rate as its neighbor, the Kenilworth Hotel.
Third, the stipulations and testimony before the trial judge reveal that the private club zoning on the property is extended as a municipal courtesy to the club and would be changed at any time upon the request of the club.
Last, the determinative factor of the decision in Williams v. Simpson, Fla.App.1968, 209 So.2d 262, was that the valué at which the property there was appraised was commercial potential which would not be realized for five years. Here, the County’s expert appraised the property at its present fair market value.
I conclude that the trial judge did not base his finding that the property had been assessed correctly on shadowy speculation regarding a potential value but rather on competent substantial evidence regarding the present fair market value of the property. He correctly found that the artificially controlled zoning did not reduce the present fair market value of the property.
I would affirm.