GRIMES, Judge.
This is an appeal from an order denying a petition filed by one of the decedent’s children to revoke the probate of the decedent’s will.
At the hearing, a practicing attorney of twenty-one years experience testified that the will dated December 13, 1971, was exe *550 cuted in compliance with the requirements of Section 731.07. At this point, the proponents of the will rested. The contestants’ contention that a prima facie case had not been established was rejected. The contestants then presented the testimony of the other two witnesses to the will. These persons admitted signing the will but said they didn’t know it was a will. They testified they never saw the decedent sign the paper which they witnessed and that no one said anything to them suggesting that it was a will.
The pertinent statute relating to the proof in will contests is Section 732.31, which reads:
“Burden of proof in contests. — In all proceedings contesting the validity of a purported will, whether before or after such will is admitted to probate, the burden of proof, in the first instance, shall be upon the proponent thereof to establish, prima facie, the formal execution and attestation thereof, whereupon the burden of proof shall shift to the contestant to establish the facts constituting the grounds upon which the probate of such purported will is opposed or revocation thereof is sought.”
The contestants’ main point is that since two witnesses are required for a will, the testimony of one witness respecting execution and attestation cannot suffice to carry the burden of proof imposed upon the proponents under this statute when the other witnesses are available to testify.
We believe the contestants have missed the mark. Florida law requires a will to be executed before two attesting witnesses but does not require proof of the execution and attestation to come from both of these witnesses. Since Section 732.24(1), F.S.A., permits a will to be admitted to probate upon the oath of one attesting witness, it would not be logical to require a higher burden of proof in order to make a prima facie showing of execution and attestation when the will is contested.
The testimony of the attorney was sufficient to establish, prima facie, the formal execution and attestation of the will. At that point, the burden shifted to the contestants to establish the facts constituting the grounds upon which the revocation was sought. There was a direct conflict in testimony. The judge was privileged to accept the testimony of the attorney over that of an eighty-four year old Swedish born neighbor of the decedent and his wife. A case is not to be decided by the number of witnesses each side calls but rather by the quality of the testimony given by the witnesses. Heitman v. Davis, 1937, 127 Fla. 1, 172 So. 705; Jacksonville Traction Co. v. Greene, 1933, 113 Fla. 316, 151 So. 523.
The order denying the petition for revocation of probate is affirmed.
HOBSON, A. C. J., and McNULTY, J., concur.