646 So.2d 266 (1994)
The PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA, d/b/a Jackson Memorial Hospital, Appellant,
v.
Leland HOLMES, Appellee.
No. 93-1102.
District Court of Appeal of Florida, Third District.
November 30, 1994.
Hayt, Hayt & Landau, Robert J. Orovitz and Virginia B. Chosed, Miami, for appellant.
Reiser & Allison and Ralph Ventura, Miami, for appellee.
Before COPE, GODERICH and GREEN, JJ.
GODERICH, Judge.
The Public Health Trust of Dade County, Florida, d/b/a Jackson Memorial Hospital [JMH] appeals from an order granting Leland Holmes' motion to involuntarily dismiss JMH's action pursuant to Rule 1.420(b), Florida Rules of Civil Procedure. We reverse and remand for a new trial.
The defendant, Leland Holmes [patient], upon his physician's suggestion, transferred from Jupiter Hospital to JMH in order to receive care from a cardiac specialist. When the patient arrived at JMH, he signed a guaranty for payment for services rendered. Thereafter, he was admitted to the Critical Care Unit [CCU]. The patient's hospital bill totalled $26,332.30. Following an audit of JMH's bill by the patient's insurance carrier and Darryl Ephraim, a registered nurse at JMH, the insurance carrier paid its policy limits of $18,086.11.
JMH filed suit in order to recover the remaining balance of $8,246.19. The complaint contained several counts including a count for failure to pay the bill pursuant to the guaranty. The patient's answer admitted that he signed the guaranty. The patient also asserted as an affirmative defense that any additional amount over what his insurance carrier paid was "not reasonable and not necessary."
At the close of JMH's case, the patient moved for a directed verdict arguing that *267 JMH failed to prove the medical necessity of the services rendered. JMH reopened its case to present testimony as to medical necessity. The trial court ruled that Ephraim, the registered nurse who audited the account, was not qualified to testify as to the medical necessity of a patient's treatment in CCU. JMH argued that it was not required to prove medical necessity where the patient signed a guaranty for payment for services rendered. The trial court directed a verdict in favor of the patient. This appeal follows.
In the instant action, JMH established that the patient signed a guaranty for payment for services rendered and that the services were rendered. Thereafter, the trial court incorrectly placed the burden of proving the defendant's affirmative defense of medical necessity on JMH. The burden of proof is placed on the defendant asserting the affirmative defense. Hough v. Menses, 95 So.2d 410 (Fla. 1957); Heitman v. Davis, 127 Fla. 1, 172 So. 705 (Fla. 1937); Smith v. Town of Bithlo, 344 So.2d 1288 (Fla. 4th DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978); Fortenberry v. Mandell, 271 So.2d 170 (Fla. 4th DCA 1972), cert. discharged, 290 So.2d 3 (Fla. 1974). Therefore, it was the patient's burden to prove that the services rendered were not medically necessary. Accordingly, we reverse and remand for a new trial consistent with this opinion.