BROWNING, J.
Appellant is an 18-year-old who is mentally retarded and has Down syndrome. Her mother applied for developmental disabilities services through the Department of Children & Family Services (DCF) several times, the latest request being on March 26, 2002. DCF denied funds to Appellant, alleging unavailability of funds as a defense to payment. Appellant sought review of the decision. At a formal hearing, both parties stipulated that Appellant was eligible for funding. The administrative law judge (ALJ) then informed the parties that, were Appellant to show eligibility, the burden of proof would shift to DCF to show why the request was not granted. Neither party objected.
The ALJ ruled in favor of Appellant, finding that she had demonstrated eligibility and timely filed her application for benefits. The ALJ later clarified that Appellant was owed benefits based on her 1999 application. DCF did not adopt the recommended order, and denied the request for benefits, finding that the ALJ improperly shifted the burden of proof to DCF as to the existence of funding, and reasoning that lack of available funds is not an affirmative defense but a matter of constitutional and statutory prohibition. We disagree.
We exercise de novo review of DCF’s conclusion of law. See Steward v. Dep’t of Children & Families, 865 So.2d 528, 530 (Fla. 1st DCA 2003). Contrary to DCF’s conclusion, we conclude that lack of funding is an affirmative defense to a claim for developmental disabilities services, analogous to the defense of impossibility of performance in a contract action. Cf. Am. Aviation, Inc. v. Aero-Flight Serv. Inc., 712 So.2d 809 (Fla. 4th DCA 1998) (holding that impossibility of performance is a defense in a-contract action unless the facts making performance impossible were known to the promisor at the time the contract was executed). Other ALJs have relied on this reasoning. See Vega v. Dep’t of Children & Family Servs., 2002 WL 31125183 (Fla.Div.Admin.Hrgs. Jul. 18, 2002); Satterwhite v. Dep’t of Children & Family Servs., 2002 WL 1592409, *8 (Fla.Div.Admin.Hrgs. Jul. 10, 2002), cited in Deneale v. Dep’t of Children & Family Servs., 2003 WL 1921002, *3 (Fla.Div.Admin.Hrgs. Apr. 18, 2003), & McDuffy v. Dep’t of Children & Families, 2003 WL 548862, *9 (Fla.Div.Admin.Hrgs. Feb. 7, 2003).
The party seeking to assert the affirmative defense has the burden of proof as to that defense. See, e.g., Pub. Health Trust of Dade County v. Holmes, 646 So.2d 266 (Fla. 3d DCA 1994). Therefore, DCF has the burden to show the funds are unavailable. See Deneale at *4 (noting that DCF had this burden). DCF has not met this burden because the record contains no competent substantial evidence of a lack of available funds and, in fact, contains testimony that there was “money in the bank.” Therefore, we REVERSE the final order and REMAND for adoption of the recommended order.
DAVIS, J., concurs; HAWKES, J., dissents with opinion.