Action by Henry Jones against James H. Brink and others for injuries sustained by plaintiff as a result of allegedly negligent handling of defendants' race horse. From an adverse judgment, plaintiff appeals.
Judgment reversed with directions.
The appellant sued the two appellees and one other person for injuries suffered by him for the negligence of one Penalver. The declaration consisted of eight counts, each containing a charge of the negligence of Penalver, but they all varied in the allegations of the relationships of the parties to one another.
The statement of negligence common to all the counts of the pleading was, substantially, that the plaintiff and Penalver were exercising race horses of the defendants on a racing strip at the Hialeah course and that Penalver so negligently and carelessly rode and handled his horse that it ran into the one being ridden by the plaintiff, with the result that plaintiff's mount was caused to fall and the plaintiff was thrown to the ground.
The appellees filed a demurrer and a motion for compulsory amendment directed to each count of the declaration. The demurrer was sustained as to all the counts except the first, and motion for compulsory amendment to that one was granted. The *Page 792 
court dismissed the first count because the plaintiff declined to amend, and for the same reason entered judgment upon the demurrer to the remaining seven counts. From this order the appeal is prosecuted.
Parenthetically, it will be noted that the original defendant who is not named here as an appellee did not join in the demurrer or motion for compulsory amendment, and there is nothing in the record to show what disposition was made of the cause so far as she was concerned. The appellees indicate in their brief that she filed a special appearance and motion to quash, but inasmuch as we are not advised of this from the transcript itself, we shall proceed to determine the points involved without further referring particularly to that defendant.
The first point for us to decide is the propriety of the order on the motion for the compulsory amendment. The judge recited in the order that it was granted on ground six of the motion which sought to enforce the amendment of each count of the declaration to show "a proper and legal relationship between the defendant, James H. Brink, and the defendant, G.E. Lewis, [the appellees here] so that they may be held jointly." It was further recited that the plaintiff had been given the privilege of amending to state the "facts upon which the plaintiff based his allegation that these defendants were `operating a racing stable as a joint adventure' * * *." The averment of joint adventure appeared only in the first and second counts.
There was no need for the pleader to elaborate in the declaration on the allegation that the defendants were engaged in a joint enterprise; to state the relationship was to apprise them of the capacity in which they were sought to be charged, and no advantage could be taken of them by not going further. The general principle has long been established that the pleader will not be required to particularize facts that are more familiar to his adversary than to himself. Andrews Stephen's Pleading (1894), Section 194. The plaintiff, by stating this relationship so simply, could not have thwarted any effort of the defendants to present as an issue in the case the actual existence of such association among them.
To decide the remaining point it is necessary to examine a little more closely the allegations of the declaration throwing light on the relationship between the servant who was charged with negligence, Penalver, and the servant who was said to have been injured as a result thereof, appellant.
It will have been seen that both were riding horses owned by the defendants; so they were fellow servants, and under the doctrine adopted in this state, the master would not be responsible for injuries to one resulting from the negligence of the other, inasmuch as the defendants were not engaged in any occupation outlined in Section 769.01, Florida Statutes 1941, and F.S.A. To meet this situation the plaintiff alleged in each count of the declaration that at the time of the injury his employment came within the provisions of the Workmen's Compensation Law and that his employers failed to comply with Section 440.38 of that act. The part of it relevant here requires every employer to secure the payment of compensation by insuring in a company authorized to do business in the state or by establishing before the Commission his financial ability to pay and by receiving authority to do so directly, thereby becoming a self-insurer. By thus alleging that the work was of the nature contemplated in the Workmen's Compensation Law and that there had been a default on the part of the employers in meeting its requirements, the pleader sought to bring into play another section of the act,440.11, providing that if an employer fails to secure payment of compensation, an injured employee may elect to sue at law, as was done in this case, and in such action the defendant may not resort to the defense that the injury was caused by the negligence of a fellow servant.
The appellees countered with a quotation from paragraph one of Section 440.02 of the act, where the kinds of employment covered by it, and those excepted from it, are detailed. It is there stated that "the term `employment' includes * * * all private employments in which three or more employees are employed in the same business or establishment * * *." There follow the exceptions — elective officers, private servants, and farm laborers. The next *Page 793 
class of those who are excepted from the provisions of the act includes "professional athletes such as professional boxers and wrestlers, and baseball, football, basketball, hockey, polo, tennis, jai alai and similar players * * *." (Emphasis supplied.) The paragraph ends with the language upon which the appellees rely — "excluding also all referees, judges, umpires, trainers, masseurs and similar performers or attendants incident to professional exhibitions and performance of athletic games,sports and contests * * *." (Emphasis supplied.)
It is quite difficult for us to determine from this context in just what category the plaintiff, as exerciser or groom, should fall, but, taking the section in its entirety, we are inclined to the view that "trainers, masseurs and * * * attendants" were meant to include those who performed their tasks as an incident not only to athletic games, but also to athletic sports and athletic contests. It is our opinion that the sports and contests which the legislators had in mind were contests in which human beings pitted their muscular skill against one another, and not a sport or contest such as a horse race where primarily the speed and the strength of animals are the factors determining the winner.
Having this view we conclude that the plaintiff was performing work which was contemplated in the Workmen's Compensation Law, and that he should have the opportunity of proving the allegation that his employers had not complied with the act and therefore could not avail themselves of the defense that he was injured by a fellow servant, hence could not recover.
We have not found the counts of the declaration so defective as to warrant the judgment on demurrer to some and the dismissal of another; so the judgment is reversed with directions to proceed in accordance with this opinion.
Reversed.
ADAMS, C.J., and TERRELL, CHAPMAN, SEBRING and HOBSON, JJ., concur.
BARNS, J., concurring generally and specially.